**Mark Wayne BILBREY**

v.

**The STATE of Texas.**

No. 05–92–01216–CR.

Court of Appeals of Texas, Dallas.

Feb. 22, 1993.

Before LAGARDE, MALONEY and MORRIS, JJ.

**OPINION**

LAGARDE, Justice.

This is an appeal of an eighty-five year sentence that Mark Wayne Bilbrey received for unlawful possession of amphet-

amine after he pleaded true to allegations that he violated the terms of his deferred adjudication probation. Bilbrey asserts in one point of error that the trial court reversibly erred by immediately sentencing him without giving him an opportunity to be heard on the issue of punishment. Because we hold that appellant has failed to preserve error, we affirm.

On September 11, 1991, Mark Wayne Bilbrey entered a plea of guilty to the offense of unlawful possession of amphetamine. The trial court found Bilbrey guilty and, after Bilbrey pleaded true to two enhancement paragraphs, sentenced him to 30 years' imprisonment. The trial court later granted a new trial and appointed defense counsel.

At the second trial, Bilbrey again pleaded guilty to the charge and true to the enhancement paragraphs. The trial court accepted the pleas, deferred adjudication of guilt, and placed Bilbrey on ten years' probation, one condition of which was his attendance and completion of the substance abuse program at Cenikor.

On April 16, 1992, the State filed a motion to proceed with adjudication of guilt, alleging that Bilbrey had violated a term of his probation by failing to remain in the substance abuse program. At a hearing on the motion, Bilbrey pleaded true to the allegation. Bilbrey's written plea of true and the trial court's file were admitted into evidence. Bilbrey testified that he left the substance abuse program because he received unwarranted punishment there. After an absence of two days, he was denied readmittance. He said he desired to continue treatment. On cross-examination, he admitted that he had used drugs and alcohol since the time he left the program. He testified that he had never been convicted of a violent crime.

When Bilbrey completed his testimony, the record indicates that the following occurred:

THE COURT: I'll accept your plea of true and I find the allegations in the State's motion to proceed with adjudication are true beyond a reasonable doubt and enter an order finding them true and

finding you guilty of the offense and revoke your probation.

Having previously found that the evidence was sufficient to find the second and third paragraphs true beyond a reasonable doubt, I'll find that they are true beyond a reasonable doubt and enter an order finding them true.

Having found them true, having accepted your plea of true and found you guilty of the offense, I'll set your punishment at eighty-five years confinement in the penitentiary.

Is there any reason in law why your client should not be sentenced today?

[DEFENSE COUNSEL]: No.

The trial court then sentenced Bilbrey to eighty-five years' imprisonment.

Bilbrey asserts that the trial court erred by assessing his punishment at the hearing on the State's motion to proceed with adjudication without allowing him the opportunity to present evidence regarding his punishment. He relies on *Issa v. State*, 826 S.W.2d 159 (Tex.Crim.App.1992).

The State contends that Bilbrey waived any error by failing to timely object when he had an opportunity to do so, and, alternatively, Bilbrey presented evidence relevant to his punishment, both at a punishment hearing prior to being placed on probation and by testifying at the motion to adjudicate guilt.

■ When a trial court finds that a defendant has violated his probation and adjudicates a previously deferred finding of guilt, the defendant is entitled to a punishment hearing at which he may present evidence. *Issa v. State*, 826 S.W.2d at 161. It is error for the trial court not to hold such a hearing. *Id.*

■ The State argues that Bilbrey has not preserved his point of error because he did not timely object at trial to the trial court's failure to conduct a punishment hearing. Generally, a criminal defendant must make a timely objection to preserve a complaint for appellate review. TEX. R.APP.P. 52(a). In *Issa*, the court of criminal appeals held that the defendant preserved error by raising the issue for the

first time in a motion for new trial. *Issa v. State*, 826 S.W.2d at 161. The court based its holding on the fact that because the trial court acted in "one proclamation" in revoking appellant's probation, adjudicating his guilt and sentencing him, appellant had no opportunity to object until after the trial court's action was taken. *Id.*

The *Issa* decision is distinguishable on two grounds. First, Bilbrey neither objected nor filed a motion for new trial. He raises the issue for the first time on appeal. Second, Bilbrey affirmatively declined the opportunity at trial to object before sentencing. After assessing punishment, the trial court specifically asked Bilbrey's trial counsel if any reason in law existed why the court should not proceed with sentencing. Bilbrey's trial counsel affirmatively responded, "No."

We recognize that failure to conduct a punishment hearing is not enumerated in article 42.07 of the code of criminal procedure as a reason to prevent sentencing. *See* TEX.CODE CRIM.PROC.ANN. art. 42.07 (Vernon 1993). We note, however, that the trial court did not limit its question of Bilbrey's counsel to article 42.07 reasons, but asked whether there was any reason "in law" why Bilbrey should not be sentenced. Therefore, Bilbrey, unlike *Issa*, had an opportunity to object to the trial court's failure to conduct a punishment hearing. Thus, on the facts before us, we conclude that Bilbrey has failed to preserve the error of which he complains. *Accord Reagan v. State*, 832 S.W.2d 125, 128 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (distinguishing *Issa* for similar reasons). Therefore, we overrule Bilbrey's sole point of error.

We affirm the trial court's judgment.