**Elvino CHRISTIAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–01277–CR.**

Court of Appeals of Texas,
Dallas.

Dec. 3, 1993.

John H. Hagler, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before LAGARDE, MALONEY, and ROSENBERG, JJ.

OPINION

ROSENBERG, Justice.

After appellant violated the terms of his deferred-adjudication probation for unlawful possession of cocaine, the State moved to proceed with adjudication of guilt. The trial court found appellant guilty. The trial court assessed a sixteen-year sentence. Appellant claims that the trial court did not admonish him on the consequences of his plea. He also claims that the trial court did not conduct a punishment hearing after adjudication of guilt. We affirm.

## PROCEDURAL FACTS

Appellant pleaded guilty under a plea bargain agreement. Appellant signed written waivers and a judicial confession. He waived his right to a trial by jury. Following the plea bargain agreement, a Dallas County magistrate made findings and recommendations. The district court accepted the magistrate's recommendations. The trial court deferred adjudication of appellant's guilt. The court placed appellant on three years' probation. The order for deferred adjudication also assessed a $750 fine.

Appellant violated five conditions of his probation. The State moved to proceed with an adjudication of guilt. During the hearing on the motion to proceed to an adjudication of guilt, the State presented evidence on each of appellant's probation violations. Appellant pleaded untrue to the allegations. After both sides rested, the following occurred:

THE COURT: Mr. Christian, the Court finds that the allegations in the motion to proceed with adjudication have been proved and are true, finds them true. Motion to proceed with adjudication is granted. Anything further from either side?

[PROSECUTOR]: No, Your Honor.

[DEFENSE COUNSEL]: Nothing further.

THE COURT: The Court accepts your plea heretofore entered on March the 12th, 1990, finds you guilty on that plea, assesses your punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of 16 years. Probation is denied.

Does the defendant have any legal reason to give why he should not be sentenced at this time?

[DEFENSE COUNSEL]: No, Your Honor.

Appellant made no objections to the court's actions or statements at the revocation hearing.

## FAILURE TO ADMONISH

In his first point of error, appellant contends that the trial court failed to inform him of the consequences of his deferred-adjudication plea, as required by article 42.12 of the Texas Code of Criminal Procedure. TEX. CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1993). Specifically, appellant argues that the trial court failed to inform him that the court could assess any term of confinement within the range of punishment if the court proceeded with an adjudication of guilt. We disagree.

Section 5(a) of article 42.12 states in part:

Except as provided by Subsection (d) of this section, when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation. *The court shall inform the defendant orally or in **writing** of the possible consequences under Subsection (b) of this section of a violation of probation.*

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1993) (emphasis added). The record shows that the trial court gave written information in each case. The admonishment form included an admonishment about the range of punishment and further stated:

6. If you receive deferred adjudication and later it is found that you have violated your probation you may then be found guilty and the Court can then set your punishment anywhere within the range provided by law.

The judge signed the form. Below the judge's signature is the following:

I have read the above and foregoing admonitions by the Court regarding my rights. I understand the admonition, and I understand and am aware of the consequences of my plea. Furthermore, my lawyer has explained to me all of the admonitions given by the court in this document.

Both appellant and his counsel signed the acknowledgment.

Article 42.12 expressly allows written information on the consequences for violations of the terms of probation. TEX.CODE CRIM. PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.

1993). In this case, the trial court gave the proper written information. We perceive no significance in the failure to mention the written information when appellant entered his plea. We presume regularity of proceedings. *See Ex parte Guzman*, 589 S.W.2d 461, 464 (Tex.Crim.App.1979). Because of the presumption of regularity, we cannot conclude that the trial court did not give this information before appellant entered his plea. We overrule appellant's first point of error.

### SENTENCING

In his second point of error, appellant claims that the trial court erred by failing to conduct a separate punishment hearing after the adjudication of his guilt. Appellant states that even though he did not object at the hearing, error was preserved because he had no opportunity to object to the trial court's action until after it was taken. *See Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim. App.1992). The State contends that appellant waived any error by failing to timely object to the lack of a punishment hearing when he had an opportunity to do so.

When a trial court finds that a defendant has violated his probation and adjudicates a previously deferred finding of guilt, the trial court must afford the defendant the opportunity to present evidence about punishment. *See Borders v. State*, 846 S.W.2d 834, 835 (Tex.Crim.App.1992); *Issa*, 826 S.W.2d at 161. In general, a criminal defendant must make a timely objection to preserve a complaint for appellate review. TEX. R.APP.P. 52(a). *Issa*, however, provides for the preservation of error when no objection is made to secure a separate punishment hearing. *Issa*, 826 S.W.2d at 161. When a defendant is not given the opportunity to object *prior* to sentencing, error may be preserved for appellate review by raising the objection in a timely filed motion for new trial. *Id.* Further, a defendant does not waive error by replying, "no," when the trial court asks if there is any reason it should not pronounce sentence. *Borders*, 846 S.W.2d at 835–36.

Here, the defense counsel expressly stated that he had nothing further to present after the trial court orally granted the motion to proceed with adjudication. Thereafter, the trial court formally accepted defendant's plea, found him guilty, assessed his punishment at sixteen years' confinement, and denied probation.

Appellant did not expressly waive any further evidence about punishment when he responded that he had no further evidence after the trial court granted the motion to proceed with adjudication but before the trial court found defendant guilty.[1] *See Borders*, 846 S.W.2d at 835–36. And, appellant did not expressly waive any further evidence about punishment when appellant responded negatively to the trial court's request for any reason sentence should not be pronounced. *Id.* However, appellant did not object to the trial court's action during the hearing. Further, appellant did not raise the objection in a motion for new trial. Therefore, appellant failed to preserve his complaint for appellate review. *See id.; Issa*, 826 S.W.2d at 161; *Bilbrey v. State*, 851 S.W.2d 334, 336 (Tex. App.—Dallas 1993, no pet.). We overrule appellant's second point of error.

We affirm the trial court's judgment.

---

1. The granting of the motion to proceed with adjudication was not a pronouncement of guilt. The motion requested only that the defendant be cited to appear before the court and show cause why the court should not proceed with an adjudication of guilt on the original charge.