**Rickie Gene GRAHAM, Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. 11–93–067–CR, 11–93–068–CR.**

Court of Appeals of Texas,
Eastland.

March 17, 1994.

Mike Smiddy, Mineral Wells, Danny D. Burns, Fort Worth, for appellant.

Jerry D. Ray, Dist. Atty., Palo Pinto, for appellee.

OPINION

PER CURIAM.

On August 29, 1990, Rickie Gene Graham was placed on deferred adjudication[1] for two felony offenses. Pursuant to a plea bargain agreement, Graham waived his right to trial by jury and entered pleas of guilty to "burglary of a habitation"[2] and "possession of

---

1. See TEX.CODE CRIM.PRO.ANN. art. 42.12 (Vernon Supp.1994).

2. TEX.PENAL CODE ANN. § 30.02 (Vernon 1989) defines the offense and declares it to be a felony of the first degree.

less than 28 grams of methamphetamine." [3] The trial court deferred the adjudication of these causes and placed Graham on probation for 10 years.

On April 16, 1993, the trial court found that Graham had violated the terms of his probation, revoked the orders for deferred adjudication, and sentenced Graham to confinement for 50 years in Cause No. 8581 (Our No. 11–93–067–CR) (burglary of a habitation) and confinement for 15 years in Cause No. 8853 (Our No. 11–93–068–CR) (possession of methamphetamine). The trial court also assessed a fine of $4,000 in each case. We reverse and remand.

### Points of Error

Appellant asserts two points of error. In the first point, he argues that the trial court erred in failing to admonish him of the consequences of his guilty pleas because he was not informed that, if he violated the conditions of probation, "no appeal could be taken" from the court's determination to proceed with an adjudication of guilt on the original charges. Our ruling on the first point of error is dispositive of the case; consequently, we do not reach the second point in which appellant argues that his conviction is void because Section 5(b) of Article 42.12 is unconstitutional.

### Admonishments

The trial court gave the admonishments which are required by TEX.CODE CRIM. PRO.ANN. art. 26.13 (Vernon 1989 and Supp.1994), but appellant argues that his pleas of guilty were not knowing and voluntary because the trial court failed to inform him that he would not have the right to appeal a subsequent finding that he had violated the conditions of probation. The State cites *McNew v. State*, 608 S.W.2d 166 (Tex. Cr.App.1980), which holds that the trial court was not required to inform appellant that no appeal could be taken from the trial court's determination to adjudicate guilt. The Court

of Criminal Appeals stated in *McNew* that any changes in this statute would have to be made by the legislature, not the courts.

The legislature made such a change in 1989.[4] TEX.CODE CRIM.PRO.ANN. art. 42.12, § 5 now states:

(a) [T]he judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision. *The judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision.* If the information is provided orally, the court must record and maintain the court's statement to the defendant.

\* \* \* \* \* \*

(b) On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred. (Emphasis added)

The record shows that the trial court failed to admonish appellant in accordance with the 1989 revised version of Section 5.[5]

■ We hold that, in deferred adjudication proceedings in felony cases, the trial court must inform the defendant of the possible consequences of a violation of probation as provided in Article 42.12, section 5(a) &

---

**3.** TEX.HEALTH & SAFETY CODE ANN. § 481.-115 (Vernon 1992) defines the offense and declares it to be a felony of the second degree.

**4.** See Act of June 15, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3471, 3500.

**5.** Appellant states in his brief that the trial court is now giving the admonishment which the 1989 amendment requires.

(b). See and compare *Price v. State*, 846 S.W.2d 37 (Tex.App.—Dallas 1992), *rev'd*, 866 S.W.2d 606 (Tex.Cr.App.1993). The Dallas Court of Appeals came to the same conclusion in a misdemeanor case where there was a deferred adjudication of guilt. The Court of Criminal Appeals reversed that decision, holding that in a misdemeanor case the trial court is not required to give the warning required by the 1989 amendment to Article 42.12, section 5. The Court of Criminal Appeals made it quite clear in *Price*, supra at 608, that its "conclusions and holdings are applicable only to deferred adjudication proceedings in *misdemeanor* cases." (Emphasis in original) The trial court, in these felony cases, did not comply with the statutory requirement that:

> The judge *shall inform* the defendant orally or in writing of the possible consequences ... of a violation of community supervision. (Emphasis added)

Those consequences are that, if the defendant violates a condition of community supervision, he is entitled only to a hearing:

> [L]imited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* (Emphasis added)

Appellant's first point of error is sustained. Since the record does not show that appellant knowingly entered his pleas of guilty, he must be permitted to withdraw those pleas and the waivers of his right to trial by jury.

The judgments of the trial court are reversed, and both causes are remanded.