Rick Eugene BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–94–00682–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 16, 1995.

Discretionary Review Refused June 14, 1995.

Douglas H. Pettit, Houston, for appellant.

John B. Holmes, Jr., Ernest Davila, Bill Moore, Brendan Gowing, Houston, for appellee.

Before O'CONNOR, HUTSON–DUNN and WILSON, JJ.

## OPINION

O'CONNOR, Justice.

The issue here is whether a defendant's plea is voluntary when the trial court does not give the admonishments required by TEX. CODE CRIM.P. art. 42.12, § 5(a) (Vernon Supp.1995). We hold it is and affirm.

### Fact Summary

The appellant, Rick Eugene Brown, pled guilty to the felony offense of burglary of a motor vehicle, and the trial court sentenced him to five-years deferred adjudication probation. The appellant later committed another offense, violating the terms of his probation. The court then found the appellant guilty of the burglary of a motor vehicle charge and assessed punishment at 10–years confinement. On appeal, the appellant contends his guilty plea was involuntary because the trial court did not tell him, as required by statute, that he could not appeal the court's adjudication of guilt if he violated the terms of his probation.

### Statutory requirements

In his sole point of error, the appellant contends his plea of guilty was involuntary because the court did not admonish him as required under TEX.CODE CRIM.P. art. 42.12, § 5(a) of the consequences of any violation of his probation under TEX.CODE CRIM.P. art. 42.12, § 5(b) (Vernon Supp.1995).

█ A defendant may not ordinarily appeal the trial court's determination to adjudicate guilt after a deferment. TEX.CODE CRIM.P. art. 42.12, § 5(b) ("No appeal may be taken from [the] determination" to proceed with an adjudication of guilt); *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App. 1992). But after the adjudication of guilt, a defendant may appeal proceedings on the original charge, including the voluntariness of his original guilty plea. *Joyner v. State*, 882 S.W.2d 59, 60 (Tex.App.—Houston [14th Dist.] 1994, pet. granted).

█ The standard of review when an appellant contends that his plea was not knowingly and voluntarily given is whether the record discloses that defendant's plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). However, a defendant's plea of guilty will not support a conviction if that plea is made after the defendant receives significant misinformation from the

court or one of its officers. *McGuire v. State,* 617 S.W.2d 259, 261 (Tex.Crim.App. 1981); *Shepherd v. State,* 673 S.W.2d 263, 266 (Tex.App.—Houston [1st Dist.] 1984, no pet.).

█ There are two separate admonishments the court must make in a case like this. First, before accepting the guilty plea, the court must admonish the defendant according to the terms of Tex.Code Crim.P. art. 26.13 (Vernon 1989).[1] After accepting the guilty plea, if the court is going to grant the defendant deferred adjudication, the court must admonish the defendant about the consequences of violating his probation according to Tex.Code Crim.P. art. 42.12 §§ 5(a), (b). The relevant subparts to article 42.12 read:

> Sec. 5(a) [W]hen in the judge's opinion, the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or a plea of nolo contendere, hearing the evidence, and finding it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision. *The judge shall inform the defendant orally or in writing of the possible consequences under subsection (b) of this section of a violation of community supervision.*

> . . . . .

> (b) On violation of a condition of community supervision imposed under subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community super-

vision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

(Emphasis added.) The language which is highlighted above, at issue in this case, was added to the statute, effective September 1, 1989.[2]

The State contends that the record is inconclusive as to whether the trial court admonished the appellant about his appellate rights after a later adjudication of guilt. The State contends it is the appellant's burden to provide a sufficient record showing error on appeal, and because he did not, he has waived his point of error. *See* Tex.R.App.P. 50(d). Article 42.15, § 5(a) requires the trial court record oral admonishments. *Joyner,* 882 S.W.2d at 60. In this case, the trial court did record the oral admonishments. The appellant did not waive this point of error.

In this case, the record shows that the trial court told the appellant that he could not appeal the court's granting of deferred adjudication. There is nothing in the record to show that the judge told the appellant he could not appeal an adjudication of guilt if his probation was revoked. At the hearing and before the court accepted the defendant's guilty plea, the trial court stated the following:

> The Court: This is a third degree felony offense. It is punishable by up to 1 year confinement in a community correctional facility, not less than 2 years nor more than 10 years in the Texas Department of Corrections. In addition, you may be fined any amount not to exceed $10,000. Do you understand the full range of punishment for this offense?

> Appellant: Yes, sir.

> The Court: Do you further understand that this court is not bound by any recommendations or agreements made between you, your lawyer and the state's lawyer;

---

1. Under Tex.Code Crim.P. art. 26.13, the trial court must tell the defendant: (1) the range of punishment for the offense; (2) the punishment agreed to by the prosecutor is not binding on the court; (3) if the punishment does not exceed what was recommended by the prosecutor, the trial court must give the defendant permission to appeal; and (4) if the defendant is not a citizen of the United States, he may be deported.

2. 71st Leg., R.S., ch. 785 § 4.17, 1989 Tex.Gen. Laws 3498, 3500.

that is, upon a finding of guilty, you could be sentenced to any term of years within that range?

Appellant: Yes, sir.

The Court: The court will advise you it will follow [the] agreement [reached between you and your lawyer and the state's lawyer]. *By following that agreement, you will not be allowed to appeal this case absent permission from this court. The court will further advise you that it will not grant that permission.* Do you understand that, sir?

Appellant: Yes, sir.

The Court: Knowing that, do you still want to plead guilty?

Appellant: Yes, sir.

At this point the trial judge began questioning the appellant about deferred adjudication. The admonishments required by article 42.12, § 5(a) must be made *after* the court accepts the appellant's plea.

The Court: Rick Brown, based on your plea of guilty and the evidence presented before me, the court finds there is evidence to substantiate your guilt. However, it appearing that the best interests of society will be served as well as your own, the court is going to defer any further finding, place you on a 5-year deferred adjudication type probation. Mr. Brown, we're now going to go over the terms and conditions of that probation. If you have any questions about them, if you do not understand them, I want you to stop me and let's get it straight right now because if you don't fully, faithfully and completely follow each and every one of these terms and conditions, a motion to adjudicate your guilt will be filed. *If it's determined that you violated probation, you're looking at 10 years in the penitentiary.* Do we understand one another?

Appellant: Yes, sir.

(Emphasis added.) The Court of Criminal Appeals considered the same issue as it applies in misdemeanor cases. In *Price v. State,* 866 S.W.2d 606, 608 (Tex.Crim.App. 1993), the court held that the failure to admonish the defendant of the consequences of a violation of deferred adjudication probation after the defendant makes a voluntary guilty plea in a misdemeanor case is not reversible error. *Id.* at 613. The Court stated:

It is a perverse notion that a plea made voluntarily and knowingly somehow becomes "unintelligent" and thus "involuntary" because the judge failed to abuse a defendant of the idea that he would not be held accountable should he thereafter commit an offense against the laws of this State, that he could violate the law with impunity.

*Id.* at 612. In *Price,* the Court of Criminal Appeals made a point of restricting its holding to misdemeanor cases. *Id.* at 608.[3] The Court of Criminal Appeals has not yet considered this issue in felony cases, and the courts of appeals disagree on this issue.

The appellant relies on a case from the Eastland Court of Appeals, *Ray v. State,* 877 S.W.2d 425, 427 (Tex.App.—Eastland 1994, pet. granted)[4], in which the Eastland Court strictly applied the requirements of TEX. CODE CRIM.P. art. 42.12, § 5(a). In *Ray,* the defendant pled guilty to the felony offense of theft, and he received deferred adjudication probation for a period of 10 years. While on probation, the defendant committed another crime and the State filed a motion to adjudicate guilt. *Ray,* 877 S.W.2d at 426. The court found the defendant guilty and sentenced him to life in prison. *Id.* The trial court properly admonished the defendant of TEX.CODE CRIM.P. art. 26.13, but did not inform the defendant about the consequences of violating the terms of his probation. *Id.* at 427. The Eastland Court noted that article 26.13 requires only substantial compliance by the court in admonishing the defendant, but the language of article 42.12, § 5(a) is man-

**3.** The *Price* court indicated that most provisions of § 5(a) treat felony and misdemeanor cases similarly, but other germane procedural statutes do not. We note the dissent states there should be no distinction drawn between misdemeanors and felonies. *Price,* 866 S.W.2d at 614.

**4.** The Eastland court decided *Ray* in May 1994, and a petition for discretionary review was granted in September 1994. The Court of Criminal Appeals heard arguments in *Ray* on February 1, 1995, but has not yet issued its opinion.

datory. *Id.* The court went on to add that, even if the statute required only substantial compliance, because the trial court did not admonish the defendant of any of the consequences of the violation of deferred adjudication, there was not even substantial compliance with the statute. *Id.* We note the Eastland Court relied on one of its earlier opinions to support its analysis. *See Graham v. State,* 873 S.W.2d 709 (Tex.App.— Eastland 1994, no pet.).

The State relies on a case from the Fourteenth Court of Appeals, *Joyner,* 882 S.W.2d at 61.[5] In *Joyner,* the trial court properly admonished the defendant as to the guilty plea, but evidently did not admonish the defendant before giving him deferred adjudication.[6] *Id.* at 60. The Fourteenth Court held that the even though the trial court did not admonish the defendant about the consequences of violating the terms of his deferred adjudication probation, his guilty plea still was voluntary. *Id.* Its reasoning tracked that of the Court of Criminal Appeals in *Price,* which said there is no connection between the initial guilty plea and the later decision of the court to grant deferred adjudication. Thus, the Fourteenth Court held, the trial court need only consider whether proper admonishments were given before the guilty plea. *Id.* at 61.

In this case, the trial judge told the appellant he could face 10–years imprisonment if he violated the terms of his probation. The court told the appellant he could not appeal the granting of deferred adjudication probation. The court asked several times if the defendant had any questions or did not understand anything.

 We are persuaded by the *Price* and *Joyner* decisions. We hold that a guilty plea does not become involuntary when the trial court fails to give the admonishments required by article 42.12, § 5(a). As in *Joyner,* there is nothing in this record to suggest that the appellant's guilty plea resulted from an agreement that he would receive deferred

adjudication if he pled guilty. Thus, we hold that the judge's failure to inform the appellant of the consequences of violating his deferred adjudication probation has nothing to do with his initial decision to plead guilty.

We overrule the appellant's sole point of error.

5. The Fourteenth Court of Appeals decided *Joyner* in July 1994, and a petition for discretionary review was granted. The Court of Criminal Appeals has not yet set a date for argument in *Joyner.*

6. The Fourteenth Court presumed that no admonishment was given, because article 42.12 mandates that such proceeding be recorded. *Joyner,* 882 S.W.2d at 60.