TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-94-00655-CR


NO. 03-94-00656-CR


NO. 03-94-00657-CR


NO. 03-94-00658-CR


NO. 03-94-00659-CR


NO. 03-94-00660-CR







Mark Lloyd Ward, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 265TH JUDICIAL DISTRICT


NOS. F-8879682-NR, F-8979967-PR, F-8983396-VR


F-89A0582-PR, F-9030073-HR, & F-9030074-HR


HONORABLE KEITH T. DEAN, JUDGE PRESIDING







PER CURIAM



 At a consolidated proceeding in April 1990, appellant waived trial by jury and
pleaded guilty to indictments accusing him of these felony offenses: burglary of a habitation (two
cases), burglary of a building, theft, possession of a prohibited weapon, and possession of heroin. 
He also pleaded true to enhancement paragraphs in each indictment alleging two previous felony
convictions. The district court found that the evidence substantiated appellant's guilt of these
offenses, deferred further proceedings without adjudicating guilt, and placed appellant on
probation. In September 1994, the court revoked appellant's probation on the State's motion, adjudicated appellant guilty in each cause, and assessed punishment, enhanced by
the two previous felony convictions, at imprisonment for life.

 In his first point of error, appellant contends he did not knowingly and voluntarily
plead guilty because the district court failed to inform him that, in a deferred adjudication case,
no appeal may be taken from the determination to proceed to adjudication of guilt. Appellant
relies on Code of Criminal Procedure article 42.12, section 5(a), which, at the time he pleaded
guilty in these causes, provided in part:


[W]hen in its opinion the best interest of society and the defendant will be served,
the court may, after receiving a plea of guilty or plea of nolo contendere, hearing
the evidence, and finding that it substantiates the defendant's guilt, defer further
proceedings without entering an adjudication of guilt, and place the defendant on
probation. The court shall inform the defendant orally or in writing of the possible
consequences under Subsection (b) of this section of a violation of probation. If
the information is provided orally, the court must record and maintain the court's
statement to the defendant.



Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3500-01
(Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a), since amended) (emphasis added). At that time,
article 42.12, section 5(b) read:


 On violation of a condition of probation imposed under Subsection
(a) of this section, the defendant may be arrested and detained as provided in
Section 24 of this Article. The defendant is entitled to a hearing limited to the
determination by the court of whether it proceeds with an adjudication of guilt on
the original charge. No appeal may be taken from this determination. After an
adjudication of guilt, all proceedings, including assessment of punishment,
pronouncement of sentence, granting of probation, and defendant's appeal continue
as if the adjudication of guilt had not been deferred.



Id. (Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b), since amended). (1)

 It is undisputed that the district court did not orally advise appellant of the possible
consequences of a violation of the conditions of probation. On the day he entered his guilty pleas,
however, appellant was informed in writing: "If you receive deferred adjudication and later it is
found that you have violated your probation you may then be found guilty and the Court can then
set your punishment anywhere within the range provided by law." The State argues that this
written admonition satisfied the article 42.12, section 5(a) notice requirement, citing Christian v.
State, 870 S.W.2d 86 (Tex. App.--Dallas 1993, no pet.).

 In Christian, the defendant contended the trial court violated article 42.12, section
5(a) by failing to inform him that the court could assess any term of confinement within the range
of punishment if it later decided to adjudicate guilt. The court of appeals overruled this
contention, holding that a written admonition identical to the one in this cause gave the defendant
the information he claimed was lacking. Id. at 87-88. Contrary to the State's argument, the court
of appeals did not hold that the written admonition gave the defendant all the information required
by article 42.12, section 5(a). The trial court's failure to inform the defendant of the
nonappealable nature of a decision to proceed to adjudication was not an issue in Christian, and
we do not understand the court of appeals' opinion to hold that such an admonition is not required
by the statute.

 We must construe statutes according to their plain meaning. Boykin v. State, 818
S.W.2d 782, 785 (Tex. Crim. App. 1991). Article 42.12, section 5(a) requires that a defendant
granted deferred adjudication be informed of the "possible consequences under Subsection 5(b)"
of a violation of the conditions of probation. Article 42.12, section 5(b) provides that a violation
of the conditions of deferred adjudication probation may result in an adjudication of guilt, a
decision from which no appeal can be taken. We therefore hold that a defendant placed on
deferred adjudication probation must be informed by the trial court, orally or in writing, that if
he violates the conditions of probation, the court may proceed to adjudicate him guilty on the
original charge and that no appeal can be taken from the determination to proceed to adjudication.

 The Court of Criminal Appeals has held that the failure to inform a misdemeanor
defendant of the possible consequences of a violation of the conditions of deferred adjudication
probation does not render the defendant's guilty plea involuntary. Price v. State, 866 S.W.2d
606, 613 (Tex. Crim. App. 1993). In Price, however, the court was careful to emphasize that
its conclusions and holdings applied only to deferred adjudication proceedings in misdemeanor
cases. Id. at 608. Because the causes before us are felonies, Price does not control.

 Appellant's guilty pleas were "open," that is, there was no plea bargain agreement
between appellant and the State regarding the punishment to be assessed. Before accepting the
pleas, the district court admonished appellant regarding the range of punishment attached to these
doubly enhanced felony offenses. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (West 1989). 
After accepting the pleas, the district court continued the causes and ordered the preparation of
a presentence report. Before doing so, the court cautioned appellant, "[Y]our attorney is going
to ask that I consider placing you on probation," but "that doesn't mean I'm going to do that." 
Appellant said he understood. The court continued, "So, I don't want you being interviewed by
the probation department, coming back a week from now and I see what the probation department
has to say and I say, `Well, I've decided to give you 50 years,' and you say, `Well, no, I was
supposed to get probation.' Do you understand?" Appellant said that he did. 

 Two weeks later, the parties returned to court for assessment of punishment. The
State recommended imprisonment for twenty-five years in each cause, to run concurrently. The
court, however, elected to give appellant a choice: "I'll give you an option, you can take 25 years
on each of these cases, they'll run concurrently, or you can try to turn your life around and take
10 years deferred adjudication." Telling the court that he would "like to try to do something with
my life," appellant chose deferred adjudication.

 Article 42.12, section 5(a) does not require that a defendant be informed of the
possible consequences of a deferred adjudication probation violation before his guilty plea is
accepted. (2) Moreover, it is obvious from the record that appellant had not been promised or given
any reason to believe that he would receive deferred adjudication if he pleaded guilty. Thus,
neither statute nor logic required the district court to inform appellant of the possible consequences
of a probation violation before accepting his guilty pleas. While the court should have informed
appellant of these consequences, including the nonappealable nature of the decision to proceed to
adjudication, after the decision to defer adjudication was made, its failure to do so could not alter
retroactively the voluntariness of appellant's guilty pleas two weeks earlier.

 We hold that where there is no plea bargain agreement or other connection between
a defendant's guilty plea and the trial court's later decision to grant deferred adjudication, the
court's failure to fully inform the defendant of the consequences of a probation violation does not
render the guilty plea involuntary. Two other courts of appeals have reached the same conclusion. 
Brown v. State, 896 S.W.2d 327, 331 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd); Joyner
v. State, 882 S.W.2d 59, 61 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd). One court of
appeals has held otherwise. Ray v. State, 877 S.W.2d 425 (Tex. App.--Eastland 1994, pet.
granted). (3)

 Appellant contends only that his guilty pleas were not voluntary. He does not
assert that the district court's failure to fully comply with article 42.12, section 5(a) warrants
reversal without regard to the voluntariness of the pleas. We therefore express no opinion on that
subject and overrule point of error one.

 In his second point of error, appellant contends the district court erred by failing
to conduct a hearing on appellant's competence after evidence of incompetence was brought to the
attention of the court during the punishment phase of trial. Tex. Code Crim. Proc. Ann. art.
46.02(b) (West 1979). Appellant testified that he contacted the Andrews Center in hopes of being
admitted to its chemical dependency program. Appellant was interviewed at the center by Dr.
Greg McGee. McGee told appellant that there is such a thing as "dual diagnosis." Appellant
explained that this is a theory "that says that all addicts aren't addicts just because they want to
be dope fiends; that there can be psychological or genetically inherited reasoning for people to be
drug addicts." Apparently, McGee was of the opinion that this diagnosis applied to appellant. 
Appellant also draws our attention to defense exhibits describing various drug abuse treatment
programs.

 The evidence regarding the nature and causes of appellant's drug addiction raised
no issue regarding appellant's ability to understand the proceedings against him or to consult with
his attorney with a reasonable degree of rational understanding. Article 46.02, § 1(a). The
district court did not err by failing to conduct a competency hearing. Point of error two is
overruled.

 The judgments of conviction are affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed on All Causes

Filed: August 30, 1995

Publish
1. The 73rd Legislature amended subsections 5(a) and (b) of article 42.12 effective
September 1, 1993. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen.
Laws 3586, 3719. The amendments were essentially nonsubstantive, the most significant
being the substitution of "community supervision" for "probation." The amendments apply
only to prosecutions for offenses committed on or after the effective date of the act. Id., §
4.02(a) at 3742.

 The 74th Legislature also amended subsections 5(a) and (b). Act of May 29, 1995, 74th
Leg., R.S., ch. 318, § 53, 1995 Tex. Sess. Law Serv. 2734, 2750 . Effective January 1, 1996,
subsection 5(a) will specify that the defendant is to be informed of the consequences of a
community supervision violation after being granted deferred adjudication, and will provide that
the failure to give the requisite information shall not be grounds for reversal unless the defendant
shows harm. The pending amendment to subsection 5(b) is irrelevant to this opinion. These
amendments will apply only to prosecutions for offenses committed on or after the effective date
of the act. Id., §§ 84(a), 85(b) at 2763.
2. Effective January 1, 1996, the statute will specify that this information is to be given
after deferred adjudication is granted. See n.1.
3. In Ray, the court relied on its earlier opinion in Graham v. State, 873 S.W.2d 709 (Tex.
App.--Eastland 1994, no pet.). The opinion in Graham states that the defendant pleaded guilty
pursuant to a plea bargain agreement. While the opinion does not so state, we assume the
agreement provided for deferred adjudication. The court held that the defendant's plea of guilty
pursuant to this agreement was involuntary because the trial court failed to inform him that, if he
violated the conditions of probation, no appeal could be taken from the determination to proceed
to adjudication. While we express no opinion on this matter, we believe the existence of a plea
bargain agreement calling for deferred adjudication is a significant fact that arguably distinguishes
Graham from Ray, Brown, Joyner, and the cause before us.