NO. 07-01-0239-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 12, 2001

______________________________

ALEXANDER ASHLEY KNOTT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF RANDALL COUNTY;

NO. 12791-B; HONORABLE JOHN FORBIS, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

This appeal arises from a judgment adjudicating appellant, Alexander Ashley Knott,  guilty of aggravated assault and imposing a sentence of 12 years confinement after his plea of guilty and deferral of adjudication.  We dismiss for want of jurisdiction.

Appellant was charged as a juvenile with aggravated assault for firing a shotgun at members of a rival street gang.  The juvenile court waived jurisdiction and appellant was indicted in the 251
st
 District Court on November 10, 1999.  Appellant plead guilty pursuant to a plea agreement in which the prosecution agreed to recommend deferred adjudication probation for eight years, a $1,000 fine and restitution in an unspecified amount.  The court below accepted this recommendation and deferred adjudication of guilt for eight years conditioned on appellant’s satisfaction of terms and conditions imposed by the court.

On April 7, 2000, the State filed its first motion to adjudicate appellant’s guilt.  At the September 1, 2000 hearing on this motion, appellant plead true in exchange for the State’s agreement that he be continued on deferred adjudication with the imposition of additional conditions.  The court agreed and continued deferral of adjudication.  The State filed a second motion for adjudication of guilt on December 1, 2000.  This motion was heard May 4, 2001.  At that hearing, appellant plead true without any recommendation by the prosecution.  The trial court orally stated that he found the evidence sufficient to adjudicate appellant guilty and that he was “now adjudicated [guilty] of aggravated assault.”  He then proceeded to hear evidence on the issue of punishment.  

Appellant testified and presented the testimony of Robert Dunstan, director of a religious-based program called Life Challenge.  Dunstan testified that he interviewed appellant for participation in the program but did not admit him simply because the hearing was imminent and could have resulted in appellant’s imprisonment.  At the conclusion of his testimony the court made the following statement:  “I am willing to continue this hearing without any adjudication, without any amendments of any existing orders, without anything.  I’m just going to continue this hearing conditioned on this young man going to Life Challenge, not today, but right now.”  

The trial court reopened the hearing on June 1, 2001.  Appellant was given an opportunity to testify but he declined and no other evidence was presented.  The court orally pronounced sentence of 12 years confinement in the Institutional Division of the Department of Criminal Justice without objection.  Appellant now seeks to challenge that sentence in a single point contending that the trial court erred in imposing the sentence without first adjudicating his guilt.  Appellant argues that article 41.12, section 5(b) mandates that a proceeding in which punishment is assessed can only occur after an adjudication of guilt.  

A defendant ordinarily may not appeal the trial court’s determination to proceed to adjudicate guilt after a deferment.  Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2001) (no appeal may be taken from [the] determination to proceed with a determination of guilt); 
Brown v. State
, 896 S.W.2d 327, 328 (Tex.App.--Houston [1
st
 Dist.] 1995, pet denied).  Furthermore, in cases in which the adjudication arises from a defendant’s plea of guilty or nolo contendere, and the punishment does not exceed the recommendation by the prosecutor, the notice must also state that:  1) it is for a jurisdictional defect, 2) it is for matters raised by written motion before trial; or 3) the trial court granted permission to appeal.  Tex. R. App. P. 25.2(b).  Finally, except for fundamental errors,
(footnote: 1) a party must preserve a complaint for appellate review by making a timely request or objection to the trial court, or the complaint is waived.  Tex. R. App. P. 33.1(a).  

Because appellant entered a plea of guilty pursuant to an agreement and the court’s sentence did not exceed that recommended by the prosecution, appellant’s right to appeal was subject to Rule of Appellate Procedure 25.2(b).  Appellant’s notice of appeal was a general notice which did not satisfy those requirements, thus depriving us of jurisdiction.  Even if we had jurisdiction over this appeal, appellant’s failure to make any objection to the trial court waived any error.  Finally, even if the court’s oral pronouncement of sentence was ineffective for failure to orally adjudicate his guilt, the court’s written judgment unequivocally adjudicated appellant’s guilt, then imposed the sentence, obviating any error.

We dismiss this appeal for want of jurisdiction.

Per Curiam

Do not publish.

FOOTNOTES
1:
Appellant has made no showing that the trial court’s action rises to the level of fundamental error.