IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00199-CR

 

Nathan Andrew Kniatt,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 25704CR

 



ORDER ON Opinion



 

Appellant’s motion for rehearing is granted in
part.  The Court’s Opinion and judgment dated June 27, 2007, are withdrawn.

PER CURIAM

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Motion
for rehearing granted in part

Order
issued and filed December 5, 2007

Do
not publish






#160;                                             

     Appellant Polk appeals his conviction for burglary, for which he was sentenced to 20 years
in the Institutional Division of the Texas Department of Criminal Justice.
      In 1993 Appellant waived a jury, signed a judicial confession, acknowledged the court's
admonitions of statutory and constitutional rights, and pled guilty to burglary. He was placed on
deferred adjudication probation for five years and assessed a fine of $500.
      In June 1996 the State filed an amended motion to proceed with adjudication of guilt alleging
six violations of the terms of Appellant's probation. Appellant pled "true" to five of the
allegations. After a hearing, the court found the State's motion to be proven beyond a reasonable
doubt, granted the motion, adjudicated Appellant guilty on his 1993 plea, and sentenced him to
20 years in prison.
      The court did not conduct a separate punishment hearing after finding Appellant guilty. 
Appellant did not object to the lack of a separate punishment hearing and did not file a motion for
a new trial.
      Appellant appeals on one point of error: "The trial court erred in failing to conduct a
punishment hearing after finding Appellant guilty."
      The trial court must afford a defendant the opportunity to present evidence regarding
punishment after it has found the defendant guilty. Tex. Code Crim. Proc. art. 37.07, § 3; Isso
v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).
      But to preserve this error for appellate review, the party must make a timely and specific
objection in the trial court. Tex. R. App. P. art. 33.1(a); Granviel v. State, 552 S.W.2d 107, 121
(Tex. Crim. App. 1977); Garcia v. State, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994); or raise
the issue in a timely motion for a new trial. Borders v. State, 846 S.W.2d 834, 835 (Tex. Crim.
App. 1993); Cole v. State, 931 S.W.2d 578, 580 (Tex. App.—Dallas 1993, pet. ref’d); Christian
v. State, 870 S.W.2d 86, 88 (Tex. App.—Dallas 1993, no pet.).
      In this case Appellant neither objected at the revocation hearing nor presented his complaint
in a motion for a new trial and, thus, has waived any error in the trial court's failure to conduct
a separate punishment hearing, after finding him guilty in the 1993 burglary case.
 
      Appellant's point is overruled. The judgement is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 28, 1999
Do not publish