

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00172-CR

_____

ERVIN LEE EMEYABBI, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 22727

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In June 2010, the State filed a motion to adjudicate Ervin Lee Emeyabbi guilty of theft,[1] alleging Emeyabbi had breached terms of his community supervision by failing to report in person, on six separate occasions, to the Community Supervision and Corrections Department of Lamar County. The hearing on the motion to proceed with final adjudication took place September 20, 2010. After the conclusion of the evidence, the trial court, though failing to pronounce Emeyabbi guilty in open court, imposed a sentence of twenty-four months in the Texas Department of Criminal Justice—State Jail Division. There was no separate sentencing hearing.

The sole issue raised by Emeyabbi on appeal is whether the trial court, in failing to expressly adjudicate guilt before sentencing, erred in imposing the sentence. Because the trial court implicitly found Emeyabbi guilty before sentencing, we find no error.

At the close of the evidence, the trial court stated:

> All right. What I'm concerned about is failure to report. The Court does find that the allegations contained in the State's motion to revoke probation are true. As such, the Court does revoke his probation.
>
> Sir, I do sentence you to Texas Department of Criminal Justice State Jail Division for a period of 24 months.

The trial court entered a written judgment September 21, 2010, reflecting that it found Emeyabbi guilty and sentenced him. The judgment stated, in part:

---

[1] In 2008, Emeyabbi had pled guilty to the charge of theft, adjudication of his guilt had been deferred, and he had been sentenced to three years' community supervision. *See* TEX. PENAL CODE ANN. § 31.03 (Vernon Supp. 2010).

> Accordingly, the Court GRANTS the State's Motion to Adjudicate the Defendant's Guilt in the above cause. FINDING the defendant committed the offense on the date as noted above, the Court ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the offense. . . .
>
> The Court ORDERS Defendant punished as indicated above. . . .

The written judgment also imposed the sentence that had been announced in open court.

Emeyabbi maintains that there was never an adjudication of guilt. In reliance on Article 42.12, Section 5(b) of the Texas Code of Criminal Procedure, Emeyabbi claims that, because there was no adjudication of guilt, the trial court was without authority to impose sentence.[2] This provision specifically requires the adjudication of guilt to take place before sentencing. Emeyabbi further relies on *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992), for the proposition that, because a defendant is entitled to a punishment hearing after the adjudication of guilt, the court must adjudicate guilt before sentencing.[3]

---

[2]Article 42.12, Section 5(b) of the Texas Code of Criminal Procedure provides, in pertinent part:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained. . . . The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. This determination is reviewable in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt has not been deferred. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred . . . .

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2010).

[3]*Issa* held that a defendant adjudicated guilty is entitled to a separate punishment hearing, but it is a statutory right that can be waived. *Issa*, 826 S.W.2d at 161. Here, Emeyabbi clearly did not receive a separate punishment hearing, as required by law. Emeyabbi fails to raise this issue as a point of error on appeal. Even so, because the right to a separate punishment hearing is subject to waiver, and because the record does not reflect preservation of error on this

3

The State maintains, relying on *Sanchez v. State*, 222 S.W.3d 85 (Tex. App.—Tyler 2006, no pet.), that the trial court's oral pronouncement revoking Emeyabbi's deferred adjudication necessarily implied a finding of guilt. In *Sanchez*, the trial court heard evidence on the State's motion to revoke community supervision and adjudicate guilt. At the conclusion of the hearing, the trial court found that Sanchez violated his community supervision. The trial court did not make a formal pronouncement of guilt before it scheduled a punishment hearing. Following the punishment hearing, the trial court pronounced Sanchez guilty and entered a written judgment reflecting that it found Sanchez guilty and sentenced him. The Tyler Court held that "the trial court implicitly found Appellant guilty when it found that he violated the conditions of his community supervision and scheduled a punishment hearing in which it accepted a presentence investigation (PSI) report as an exhibit." *Id*. at 88. Because the implicit finding of guilt was made before any punishment hearing, the court did not err when it assessed punishment. *Id.*

The factor which distinguishes this case from *Sanchez* is the absence of a separate punishment hearing. The trial court revoked community supervision and immediately sentenced Emeyabbi. We find, however, that this distinction is not outcome determinative. If the trial court had pronounced Emeyabbi guilty and then proceeded to sentence him, there would be no

---

issue either at the time of trial or via a motion for new trial, this issue was waived. TEX. R. APP. P. 33.1. The lack of a punishment hearing is not an issue that can be raised for the first time on appeal. *Lopez v. State*, 96 S.W.2d 406, 414 (Tex. App.—Austin 2002, pet. ref'd); *Christian v. State*, 870 S.W.2d 86, 88 (Tex. App.—Dallas 1993, no pet.). Moreover, there is no indication the trial court ordered a PSI. Again, this is an issue Emeyabbi does not raise on appeal. Error in failing to order a PSI report is likewise waived if the defendant fails to object or bring the failure to the trial court's attention. *Buchanan v. State*, 68 S.W.3d 136, 140 (Tex. App.—Texarkana 2001, no pet.).

issue regarding the trial court's authority to impose sentence.[4]  When the trial court conducts a hearing on the adjudication of guilt and then holds the assessment of punishment in abeyance and orders a PSI, the court necessarily implies that it has found the defendant guilty.  *See Villela v. State,* 564 S.W.2d 750, 751 (Tex. Crim. App. [Panel Op.] 1978).  Beyond the pronouncement of sentence "no further ritual or special incantation from the bench is necessary to accomplish an adjudication of guilt."  *Jones v. State*, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990).  Further, a written judgment is valid even in the absence of an express oral pronouncement of guilt by the trial court.  *Sanchez*, 222 S.W.3d at 88; *Parks v. State*, 960 S.W.2d 234, 238 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (citing *Villela*, 564 S.W.2d at 751).

Here, the trial court implicitly found Emeyabbi guilty when it found that he violated the conditions of his community supervision.  The trial court's written order adjudicating guilt and sentencing Emeyabbi comports with his oral pronouncement.  Because the trial court found Emeyabbi guilty before he was sentenced, the court did not err when it assessed punishment.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     February 22, 2011
Date Decided:       February 23, 2011

Do Not Publish

---

[4]As previously pointed out, Emeyabbi did not object to the trial court's failure to conduct a separate punishment hearing either at trial or via a motion for new trial.

5