

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00191-CR

_____

LUTHER JEFFERSON HOLEMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 15,036

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Pursuant to a negotiated plea agreement, Luther Jefferson Holeman pled guilty to spray-painting graffiti on a community center building and was initially placed on deferred adjudication community supervision for three years. *See* TEX. PENAL CODE ANN. § 28.08(a)(1), (b)(3) (West 2011). Prior to the expiration of Holeman's community supervision, the State alleged that he had violated several conditions of his community supervision and moved the trial court to adjudicate Holeman guilty of the offense of graffiti.[1] Holeman pled true to violating three conditions of his community supervision by (1) failing to obey all rules and regulations of the Substance Abuse Felony Punishment Facility (SAFPF),[2] (2) failing to pay a $50.00 yearly urinalysis fee, and (3) failing to pay a $25.00 court finance fee.[3] After accepting Holeman's pleas of true and further finding true the allegation that Holeman failed to report to his community supervision officer for three months,[4] the trial court found Holeman guilty of the offense of graffiti and sentenced him to twenty-four months' confinement in a state jail facility.

[1]This was the State's third motion to revoke Holeman and proceed to adjudication. The first two motions to proceed to adjudication of guilt resulted in amended conditions of community supervision and a seven-year extension of Holeman's community supervision.

[2]Holeman was unsuccessfully discharged from the program.

[3]A document discussing the SAFPF requirements contained Holeman's signature following a paragraph stating, "I understand that if I fail to successfully complete *ANY* phase of the program, that I will be referred back to the court for possible revocation of my supervision. I have had the SAFPF program explained to me by the SAFPF Coordinator and I understand the requirements of the program."

[4]Holeman does not challenge the sufficiency of the evidence supporting this finding on appeal. We review a decision to adjudicate guilt in the same manner as we review a decision to revoke community supervision—for abuse of discretion. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2013); *Little v. State*, 376 S.W.3d 217, 219 (Tex. App.—Fort Worth 2012, pet. ref'd) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *In re T.R.S.*, 115 S.W.3d 318, 321 (Tex. App.—Texarkana 2003, no pet.) (citing *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd)).

On appeal from this revocation proceeding, Holeman argues that his pleas of true were involuntary and that the court erred in failing to hold a separate punishment hearing. We find that Holeman failed to preserve these complaints for our review. Holeman also argues that the trial court failed to admonish him of the consequences of his pleas and that the judgment is void because the trial court did not find him guilty of the underlying offense. We find that the trial court had no duty to admonish Holeman of the consequences of his pleas at the revocation hearing and conclude that the trial court impliedly found Holeman guilty of the underlying offense of graffiti prior to entering its written judgment of guilt. For these reasons, we affirm the trial court's judgment.

## I.      Voluntariness—Failure to Preserve

At the adjudication hearing, the trial court read each paragraph of the State's motion to adjudicate Holeman's guilt and obtained Holeman's affirmance that he understood each paragraph. The trial court then heard Holeman's plea with respect to each paragraph. Although Holeman, who was represented by counsel during the proceeding, stated that he understood each paragraph of the State's motion, he now argues that he did not understand those allegations and complains that the trial court failed to admonish him of the consequences of his plea.

Holeman did not complain of the voluntariness of his pleas to the trial court.[5] The Texas Court of Criminal Appeals has held that a complaint about the voluntariness of a plea is a "non-structural error" that must be preserved in accordance with Rule 33.1 of the Texas Rules of Appellate Procedure. *See Mendez v. State*, 138 S.W.3d 334, 338–39 (Tex. Crim. App. 2004);

---

[5]No motion for new trial was filed.

3

TEX. R. APP. P. 33.1; *Sims v. State*, 326 S.W.3d 707, 713 (Tex. App.—Texarkana 2010, pet. struck) (stating general rule that objection must be presented to trial court and adversely ruled on to preserve error for appellate review). We conclude that Holeman's complaint about the voluntariness of his pleas of true was not properly preserved for appellate review.

## II. Necessary Admonishments

Next, Holeman relies on Article 26.13 of the Texas Code of Criminal Procedure to support his argument that the trial court had some obligation to admonish him about the consequences of his pleas of true. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (West Supp. 2013). However, this statute only applies to pleas of guilty or nolo contendere; it does not apply to revocation/deferred adjudication proceedings. *See Harvey v. State*, 611 S.W.2d 108, 112 (Tex. Crim. App. 1981) (op. on reh'g) (finding that statutory admonishments not required with respect to pleas on enhancement allegations.). Further, "The statutes governing [community supervision] do not make reference to [A]rticle 26.13. . . . Therefore, it follows that, in the context of revocation proceedings, the legislature . . . has not required the court to . . . admonish the defendant pursuant to 26.13." *Gutierrez v. State*, 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003); *see Lanum v. State*, 952 S.W.2d 36, 39 (Tex. App.—San Antonio 1997, no pet.). Because no admonishments were required during the adjudication proceeding, the trial court did not err in failing to give any. We overrule this point of error.

## III. Determination of Guilt

Holeman also argues that the judgment is void because the trial court failed to find him guilty on the underlying offense of graffiti. Although there is no express statement of guilt on

4

the underlying offense, the trial court orally recited its finding that Holeman had violated several terms and conditions of his community supervision. This finding, along with the court's prompting of the attorneys to argue disposition, and its pronouncement of Holeman's sentence, is sufficient to imply a finding of guilt on the underlying offense. *Emeyabbi v. State*, No. 06-10-00172-CR, 2011 WL 647242, at **1–2 (Tex. App.—Texarkana Feb. 23, 2011, no pet.) (mem. op., not designated for publication) (discussing *Sanchez v. State*, 222 S.W.3d 85 (Tex. App.—Tyler 2006, no pet.)). Further, the trial court entered a written judgment of guilt. The action of the trial court in assessing punishment after hearing the evidence is an implied rendition of guilt, and such finding was entered by the written judgment. *Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978).

## IV. Separate Punishment Hearing

Finally, Holeman argues that the trial court erred in failing to hold a separate punishment hearing.[6] The Texas Court of Criminal Appeals has held that a defendant should be accorded an opportunity to offer evidence in mitigation of punishment after the revocation and adjudication of guilt if such evidence has not already been elicited, particularly if the defendant requests the opportunity. *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007); *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). This statutory right can be waived. *Euler*, 218 S.W.3d at 91.

The record demonstrates that Holeman, like the appellant in *Euler*, had an opportunity to ask to present mitigating evidence when the trial court instructed the parties to argue the issue of

---

[6]Holeman waived a presentence investigation report before his sentencing hearing.

punishment. *See id.* Holeman did not take advantage of this opportunity. Instead, his arguments focused on the length of time he had already been confined for the offense, and his prayer was that the court should sentence him to time served.

At the time of the adjudication proceeding, Holeman had been confined after his initial arrest and following the execution of warrants after each filing of the State's motions to proceed to adjudication in an Intermediate Sanction Facility for 192 days and in a SAFPF for 185 days. Additionally, he had been confined in the county jail several times pending a hearing on the motions to adjudicate and revoke community supervision. The maximum sentence for the offense committed by Holeman was twenty-four months' confinement. *See* TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2013), § 28.08(b)(3). Holeman argued to the trial court that he had already been confined for almost twenty-two months by the time of the hearing on the State's third motion to proceed to adjudication of guilt. Holeman asked the court to "give [him] a twenty-month sentence, deem it time served, order him released today."[7]

> If appellant wanted an opportunity to present evidence and argument on the question of punishment, it was incumbent upon him to ask for that opportunity and to be ready to present such evidence and argument as soon as the trial court announced its finding that he had violated the conditions of his probation. Part of being prepared for a revocation hearing is being prepared to present evidence and argument on the question of the proper disposition in the event that the trial court finds that the conditions of probation have been violated.

*Euler*, 218 S.W.3d at 91. Holeman did not ask to present mitigating evidence and did not raise any complaint below suggesting that the trial court had denied him the opportunity to do so.

---

[7]Holeman was credited with time served in the Intermediate Sanction Facility and jail time served. The trial court denied granting him credit for the time served at the SAFPF because Holeman did not successfully complete the program. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(h)(2)(B) (West Supp. 2013) (stating defendant entitled to credit for time served in substance abuse treatment facility only if program successfully completed).

Consequently, Holeman failed to preserve his complaint for appellate review. *See Christian v. State*, 870 S.W.2d 86, 88 (Tex. App.—Dallas 1993, no pet.). Accordingly, we overrule Holeman's last point of error.

We affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:     February 5, 2014
Date Decided:        March 4, 2014

Do Not Publish