Thomas RAY, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 11–93–165–CR.

Court of Appeals of Texas, Eastland.

May 12, 1994.

Rehearing Denied June 9, 1994.

Discretionary Review Refused Aug. 17, 1994.

Peter A. Lesser, Dallas, for appellant.

John C. Vance, Dist. Atty., April E. Smith, Asst. Dist. Atty., Dallas, for appellee.

ARNOT, Justice.

Appellant entered a plea of guilty to the offense of theft. The trial court deferred the adjudication of guilt and placed appellant on probation for ten years.

After a hearing on the State's motion to proceed with the adjudication of guilt, the trial court found that appellant violated the terms of his probation, revoked his probation, adjudicated appellant's guilt, and sentenced him to confinement for life. We reverse and remand.

■ Appellant has briefed three points of error. The first point of error is dispositive of the case; consequently, we do not reach the second and third points of error.[1] In his first point of error, appellant contends that his plea of guilty was not knowingly and voluntarily entered because the trial court failed to inform him of the possible consequences of a revocation of deferred adjudication probation as required under TEX.CODE CRIM.PRO.ANN. art. 42.12, § 5 (Vernon Supp.1994).

The State cites McNew v. State, 608 S.W.2d 166 (Tex.Cr.App.1980), which holds that the trial court was not required to inform appellant that no appeal could be taken from the trial court's determination to adjudicate guilt. However, subsequent to this holding, Article 42.12, section 5 was amended[2] to read as follows:

(a) [T]he judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it · substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision. *The judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision.* If the information is provided orally, the judge must record and maintain the judge's statement to the defendant.

\*   \*   \*   \*   \*   \*

(b) On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred. (Emphasis added)

In interpreting Article 42.12, section 5(a) and (b), this court recently held in Graham v. State, 873 S.W.2d 709 (Tex.App.—Eastland 1994, no pet'n), that in deferred adjudication proceedings in felony cases the trial court must inform the defendant of the possible consequences of a violation of probation. Also, see and compare Price v. State, 846 S.W.2d 37 (Tex.App.—Dallas 1992), rev'd, 866 S.W.2d 606 (Tex.Cr.App.1993).[3]

1. Appellant argues that the trial court failed to properly admonish him under the fourteenth amendment to the United States Constitution and that he was denied due process during the revocation hearing when he, in effect, changed his plea without being informed of the consequences.

2. See Act of June 15, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3471, 3500. The amendment to this section became effective September 1, 1989.

3. The Dallas Court of Appeals came to the same conclusion in a misdemeanor case where there was a deferred adjudication of guilt. The Court of Criminal Appeals reversed that decision, holding that in a misdemeanor case the trial court is not required to give the warning required by the 1989 amendment to Article 42.12, section 5. The Court of Criminal Appeals made it quite clear in Price, supra at 608, that its "conclusions and holdings are applicable only to deferred adjudication proceedings in *misdemeanor* cases." (Emphasis in original)

In the present felony case, the trial court failed to comply with the mandatory statutory requirement. The record shows that, although the trial court did admonish appellant with regard to the requirements of TEX.CODE CRIM.PRO.ANN. art. 26.13 (Vernon 1989 & Supp.1994), the court failed to inform appellant of the consequences of violating probation in accordance with Article 42.12, section 5.

The State compares Article 42.12, section 5 with Article 26.13 and urges this court to extend the holdings in cases dealing with Article 26.13, which provides for substantial compliance. We decline to do so.

■ Article 26.13 provides for certain mandatory admonishments that must be given to enable the defendant's plea to be voluntary and knowing.[4] However, Article 26.13(c) specifically states that in admonishing the defendant:

> [S]ubstantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

Article 42.12, section 5 does not have a substantial compliance provision, nor do we find that one is implied. Moreover, even if we were to embrace substantial compliance with regard to Article 42.12, section 5, it would not be applicable to the facts in the present case. While admonishments which substantially comply might be sufficient, there has been a complete failure to inform appellant of the consequences of the violation of deferred adjudication probation. *See Arriola v. State,* 811 S.W.2d 697 (Tex.App.—Houston [14th Dist.] 1991, no pet'n). Therefore, the State's reliance on cases with regard to Article 26.13 is not persuasive.

■ The State further argues that *Price v. State, supra,* should be rejected to the extent that it creates a per se involuntary plea if the admonishments in Article 42.12, section 5 are not given. The State urges this court to require appellant to make a showing that he was misled to his detriment or, in the alternative, to use a harm analysis under TEX. R.APP.P. 81(b)(2) to determine whether the omission of the admonishment is reversible error. We disagree with the State's contentions.

The Court of Criminal Appeals has not held that all "mandatory" statutes are immune to a harmless error analysis. However, the Court has on a case-by-case basis determined that several provisions were not subject to such analysis. *See, e.g., Sodipo v. State,* 815 S.W.2d 551 (Tex.Cr.App.1990) (interpreting TEX.CODE CRIM.PRO.ANN. art. 28.-10(a) (Vernon 1989), additional ten days to prepare for trial upon amendment of indictment); *Peters v. State,* 575 S.W.2d 560 (Tex. Cr.App.1979) (interpreting TEX.CODE CRIM. PRO.ANN. art. 26.04 (Vernon 1989), appointment of counsel); *Johnson v. State,* 567 S.W.2d 214 (Tex.Cr.App.1978) (interpreting TEX.CODE CRIM.PRO.ANN. art. 27.11 (Vernon 1989), time allowed for filing of pleadings). In *Roberts v. State,* 784 S.W.2d 430 (Tex.Cr. App.1990), the Court of Criminal Appeals explained why some mandatory statutes are not subject to the harm analysis:

> In cases involving breach of many procedural statutes the record will contain no concrete data from which an appellate court can meaningfully gauge the likelihood that the error did or did not contribute to the conviction or punishment of the accused.

We believe that Article 42.12, section 5 is a similar mandatory provision that is not subject to a harm analysis under Rule 81(b)(2). Although we hold that Article 42.12, section 5 is not subject to a harm analysis because of its similarity to those statutes reviewed in *Sodipo* and *Graham,* it would appear that the standard of review under Rule 81(b)(2) is elastic enough to be applied to all "mandatory" statutes. That is, if error is found, the appellate court shall reverse unless the reviewing court can determine beyond a reasonable doubt that the error made no contri-

4. Article 26.13 requires that the defendant be admonished (1) as to the range of punishment; (2) that the recommendation of the prosecutor is not binding on the court; (3) that the defendant has a limited right of appeal; and (4) as to the possibility of deportation for non-citizen defendants.

bution to the conviction or the punishment.[5] Therefore, if there is no concrete data in the record to meaningfully gauge the contribution of the error to the entire trial process as concerned the *Roberts* court, the reviewing court could not determine beyond a reasonable doubt that the error was harmless. As applied to the facts of this case, the error would not be harmless.

Therefore, because we find that the trial court failed to inform appellant of the possible consequences of violating deferred adjudication probation, we sustain appellant's first point of error.

The judgment of the trial court is reversed and remanded.

**5.** For an analysis of the standard for determining if error is harmless *see Burks v. State,* 876 S.W.2d 877 (Tex.Cr.App.1994); *Harris v. State,* 790 S.W.2d 568 (Tex.Cr.App.1989).