Stephen Eddison **JOYNER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–92–01172–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 21, 1994.

Rehearing Denied Aug. 18, 1994.

Discretionary Review Refused Nov. 2, 1994.

Phillip W. Swisher, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a judgment of guilt *following a deferred adjudication.* On October 4, 1989, appellant pled guilty without an agreed recommendation to the offense of burglary of a habitation. The trial court deferred adjudication and placed appellant on probation for 6 years. On August 24, 1992, on the State's Motion, the trial court adjudicated guilt and sentenced appellant to seven years in the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals his conviction on the ground that his original guilty plea was involuntary. We affirm.

■ A defendant may not ordinarily appeal the trial court's determination to adjudicate guilt after a deferment. TEX.CODE CRIM. PROC.ANN. art. 42.12, § 5(b) (Vernon Supp. 1994); *Olowosuko v. State,* 826 S.W.2d 940, 942 (Tex.Crim.App.1992). But after the adjudication of guilt, a defendant may appeal proceedings on the original charge, *Id.,* including the voluntariness of his original guilty plea. *Price v. State,* 846 S.W.2d 37, 39 (Tex.App.—Dallas 1992), *rev'd on other grounds,* 866 S.W.2d 606 (Tex.Crim.App. 1993).

Appellant contends his guilty plea was entered involuntarily because he was not admonished pursuant to Article 42.12, §§ 5(a) & (b) as to the consequences of violating deferred adjudication probation. Article 42.-12, § 5(a) was amended effective September 1, 1989 [1] to include a provision stating: "The judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision." The consequences under subsection (b) include the possibility that the defendant may be arrested, that he is entitled to a hearing on the determination whether to proceed with adjudication of guilt, that no appeal may be taken from this determination, and that upon adjudication of guilt, proceedings in the original case proceed as if there had been no *deferment.*

■ The State argues that just because the admonishments do not appear among the documents in the appellate record does not mean the trial judge did not give the statutory admonishments orally, as is allowed by the statute. Article 42.12 § 5(a). It further argues that it was appellant's burden to provide this Court with a statement of facts from the plea proceeding which could contain oral admonishments, and because appellant did not do so, he has waived his point of error. *See* TEX.R.APP.P. 50(d) (placing the burden on appellant to see that a sufficient record is presented to show error requiring reversal). However, the statute governing deferred adjudication expressly places the burden on *the judge* to record and maintain a record if the information is provided orally. Article 42.12, § 5(a). While this provision may create a conflict with the Texas Rules of Appellate Procedure as to who has the burden to maintain a record for appellate review, in this instance, the Texas Legislature has clearly placed the burden on one other than the defendant to record oral admonishments as to deferred adjudication. The docket sheet in this case shows that the court reporter was "waived" on the day that the judge placed appellant on deferred adjudication. Therefore, we must conclude that the trial judge did not orally admonish appellant, or he would have ordered that the proceedings be recorded as mandated by Article 42.12. Likewise, because the record contains no written admonishments, apart from those associated with appellant's initial guilty plea, we conclude that appellant did not receive the admonishments required by Article 42.12, §§ 5(a) & (b). We therefore must determine if the trial court's failure to admonish appellant rendered his guilty plea involuntary.

■ The Texas Court of Criminal Appeals has addressed the question of whether the failure of the trial court to provide the required admonishments renders a plea involuntary, but only in the context of a misdemeanor case. *See Price v. State,* 866 S.W.2d 606 (Tex.Crim.App.1993) (finding failure to inform defendant of consequences of violation of probation will not render an otherwise unobjectionable plea involuntary). However,

1. 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen. Laws 3498, 3500.

although the court of criminal appeals expressly limited its holding in *Price* to misdemeanor cases, we find its logic instructive in the felony case before us today. The court stated:

> It is a perverse notion that a plea made voluntarily and knowingly somehow becomes "unintelligent" and thus "involuntary" because the judge failed to abuse a defendant of the idea that he would not be held accountable should he thereafter commit an offense against the laws of this State, that he could violate the law with impunity.

*Id.* at 612. What this language indicates to us is that there seems to be little connection between an initial guilty plea and a later decision by the judge to grant deferred adjudication. The defendant must first plead guilty and receive the ancillary statutory admonishments,[2] before the judge may consider deferred adjudication. *See* Article 42.12, § 5(a) (providing that the judge may, *after receiving a plea of guilty*, defer further proceedings). In the case before us, the judge did not defer adjudication until more than two weeks after hearing appellant's guilty plea. There is nothing in the record to suggest that appellant's guilty ·plea resulted from an agreement that he would receive deferred adjudication if he pled guilty. Thus, we cannot see how the judge's failure to inform appellant of the consequences of violating his deferred adjudication probation has anything at all to do with appellant's initial decision to plead guilty. The plea and the deferment are simply not connected.

We must respectfully disagree with the Eleventh District Court of Appeals, which has recently held that the failure of the trial judge to give the statutory admonishments upon deferred adjudication renders the initial guilty plea involuntary. *See Ray v. State*, 877 S.W.2d 425 (Tex.App.—Eastland 1994, pet. granted); *and Graham v. State*, 873 S.W.2d 709 (Tex.App.—Eastland 1994, no pet.).

Accordingly, we hold that the failure of the trial judge to admonish appellant of the consequences of violation of his deferred adjudication probation did not retroactively render appellant's guilty plea involuntary. The judgment of the trial court is affirmed.

---

2. Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon 1989 & Supp.1994).