**Thomas RAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 0720–94.

Court of Criminal Appeals of Texas,
En Banc.

March 27, 1996.

Peter A. Lesser, Dallas, for appellant.

April E. Smith, Asst. Dist. Atty., Dallas, Jeffrey L. Van Horn, Asst. State's Attorney, and Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

KELLER, Judge.

In *Price v. State*, 866 S.W.2d 606 (Tex. Crim.App.1993), this Court determined that, in misdemeanor prosecutions, Article 42.12, Sec. 5(a), TEX.CODE CRIM.PROC.,[1] does not require the trial court to "inform the defendant ... of the ... possible consequences ... of a violation of probation," as set forth in Art. 42.12, Sec. 5(b), before placing him on deferred adjudication probation and that a failure to do so will not alone render a plea involuntary. We granted review in this cause to address the requirements of Sec. 5(a) in the context of a non-negotiated (open) plea of guilt in a felony

---

1. Art. 42.12, Sec. 5(a) states in relevant part:
   The Judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision. If the information is provided orally, the judge must record and maintain the judge's statement to the defendant.
   All statutory references are to the Texas Code of Criminal Procedure unless otherwise provided.

prosecution and specifically to determine whether the Court of Appeals erred in holding: that no admonishment was given pursuant to Sec. 5(a), that appellant's plea was thereby rendered involuntary, and that the error was not subject to a harmless error analysis. *See Ray v. State,* 877 S.W.2d 425 (Tex.App.—Eastland 1994). We will reverse.

## I.

Without benefit of a plea bargain, appellant pled guilty to felony theft and pled true to two enhancement paragraphs. The applicable range of punishment was 25 years to life imprisonment. During the sentencing phase of the trial, appellant asked the court to place him on deferred adjudication probation so that he could be placed in a drug treatment program. Appellant testified that he understood that the trial court was not required to grant such probation and that, because of the absence of a plea bargain, once appellant had made his plea, he could not withdraw it. Before accepting the plea, the trial court indicated its willingness to place appellant on deferred adjudication but warned him: "If you don't make it, I'm going to bring it back in here and send you to the penitentiary somewhere between twenty-five years and life."

The court set the case for pronouncement of sentence. At that hearing, the trial court placed appellant on deferred adjudication and ordered appellant to drug treatment as a condition of probation. The trial court repeated the warning that he had given at the plea hearing and asked appellant if he had any questions.[2] Appellant had no questions about his sentence.

Subsequently, the State sought to revoke appellant's probation. The trial court adjudicated appellant guilty on all grounds alleged by the State and sentenced him to life imprisonment.

The Court of Appeals found that the information required by Sec. 5(a) had not been given, and held that such failure resulted in an involuntary plea. The court reversed appellant's conviction, holding that error in failing to comply with Sec. 5(a) is not subject to a harmless error analysis.

## II.

■ In *Price,* a misdemeanor case, we determined that Sec. 5(a) does not require that a defendant be informed of the possible consequences of a violation of probation prior to his plea. Although a single statutory provision applies to misdemeanors and felonies alike, we limited our decision in *Price* to misdemeanors. We premised our decision in part upon the assumption that a defendant need not even be present in court to plead guilty to a misdemeanor. But the language of the statute draws no relevant distinction between felonies and misdemeanors. We find no reason to conclude that the statute is to be applied differently in felony cases than in misdemeanor cases, except in certain situations envisioned in *Price.*

Much of our reasoning in *Price* applies equally in the present case. In *Price* we relied on the chronological order of proceedings in Sec. 5(a). The court is to: first, receive the plea; second, hear the evidence; third, find whether the evidence substantiates guilt; fourth, defer further proceedings without adjudicating guilt; and fifth, place defendant on probation. It is only after these steps that the statute tells the court to inform the defendant of the Sec. 5(b) consequences of a violation of probation. The order of the proceedings in the statute thus supports the view that a defendant need not be informed of the Sec. 5(b) consequences until after he is placed on probation.

Also, Art. 26.13 dictates the steps to be taken before a court accepts a plea of guilty or nolo contendere. If the Legislature had intended that the Sec. 5(b) information be given prior to the plea, the logical place for the Legislature to include the instruction to give the cautionary statement would have been with the pre-plea admonishments in Art. 26.13.

Furthermore, there is no policy reason to require a trial court to inform every defen-

---

2. The written conditions of probation form also contained the following statement: "The Court also has the authority at any time during the period of probation to revoke your probation, or proceed to adjudication, for violation of any of the conditions of your probation set out above."

dant that pleads guilty of the possible consequences of a violation of deferred adjudication. The information becomes relevant only after the steps outlined above are taken. That is, unless the court decides to defer adjudication, there is no reason to tell a defendant what might happen if he violates the terms and conditions of his probation.

In *Price*, we advanced the view that a guilty plea was not rendered involuntary by the failure to give a cautionary statement that need not be given until after the court has accepted the plea and the defendant is placed upon probation:

> It is a perverse notion that a plea made voluntarily and knowingly somehow becomes "unintelligent" and thus "involuntary" because the judge failed to [dis]abuse a defendant of the idea that he would not be held accountable should he thereafter commit an offense against the laws of this State ...

866 S.W.2d at 612. The proposition that a plea that is voluntary when made may retroactively become involuntary is as perverse in the context of felonies as in the context of misdemeanors.

Appellant argues that a defendant should know the possible consequences of deferred adjudication before he asks the court to defer adjudication in his case, and contends that in the absence of such knowledge, his plea is involuntary. The difficulty with appellant's argument is that, in the absence of a plea bargain, a court may grant or refuse deferred adjudication regardless of the defendant's wishes. In the present case, appellant plead guilty with absolutely no assurance that the court would defer adjudication. When appellant plead guilty he subjected himself immediately to the entire range of punishment. The possible consequences he faced upon adjudication were exactly the same as the possible consequences he faced at the time of his plea. Therefore there was no lack of knowledge that could negate the voluntariness of the plea.

We conclude that Sec. 5(a) does not require, either in felonies or misdemeanors, that the defendant entering an open plea of guilty or nolo contendere be informed prior to his plea of the possible consequences under Sec. 5(b) of a probation violation. Therefore, the failure to provide the information does not render such a plea involuntary.

■ Although Sec. 5(a) does not require in an open plea of guilty or nolo contendere that the information in Sec. 5(b) be provided to the defendant prior to his plea, the statute does require that it be provided at some time. As we said in *Price*, when and how the court conveys the information to the defendant will depend upon the circumstances of the defendant. 866 S.W.2d at 613. Means of compliance are matters within the informed discretion of the court. *Price*, 866 S.W.2d at 613.

Given our determination under ground two that no error was committed, the issues presented by the State in grounds one and three are moot.

The Court of Appeals found appellant's first point of error dispositive of the case. The court therefore did not reach appellant's second point of error, which claimed that the trial court failed to properly admonish appellant under the Fourteenth Amendment to the United States Constitution, or appellant's third point of error, which claimed that he was denied due process during the revocation hearing when he, in effect, changed his plea without being informed of the consequences.

The judgment of the Court of Appeals is reversed, and the cause is remanded to that court in order to address appellant's remaining points of error.

BAIRD, Judge, concurring.

On direct appeal, appellant contended his plea was involuntary because the trial judge failed to give the Tex.Code Crim.Proc.Ann. art. 42.12, § 5(a) admonishment which requires the defendant be informed "orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision." The Court of Appeals stated:

> In the present felony case, the trial court failed to comply with the mandatory statutory requirement. The record shows that, although the trial court did admonish

appellant with regard to the requirements of Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon 1989 & Supp.1994), the court failed to inform appellant of the consequences of violating probation in accordance with Article 42.12, section 5. *Ray v. State*, 877 S.W.2d 425, 427 (Tex. App.—Eastland 1994). The Court of Appeals then held the error was not subject to a harm analysis under Tex.R.App.P. 81(b)(2) and reversed the judgment of the trial court.

We granted review to determine: first, if the Court of Appeals correctly found the admonishment was not given; second, if the Court of Appeals correctly determined that failure to give the mandatory admonishment was error;[1] and, third, whether failure to give the admonishment is subject to a harm analysis.

The majority opinion addresses only the second ground for review and holds failure to comply with art. 42.12, § 5(a) does not render an open plea of guilty or nolo contendere involuntary. *Ante* at 127. Therefore, according to the majority, failure to comply with art. 42.12, § 5(a) is not error and, consequently, the issue of harm is moot. *Ibid.* This holding has the effect of judicially repealing the admonishment requirement of art. 42.12, § 5(a). This is contrary to our normal approach to statutory interpretation. *See e.g., Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Cr.App.1991) (We ordinarily give effect to the statutory text.). Accordingly, I cannot join the majority opinion.[2]

Relying on the rationale of *Sodipo v. State,* 815 S.W.2d 551 (Tex.Cr.App.1990), and *Graham v. State,* 873 S.W.2d 709 (Tex.App.—Eastland 1994, no pet'n), the Court of Appeals held art. 42.12, § 5(a) is a mandatory statute that is not subject to a harm analysis

under Rule 81(b)(2) because there is no concrete data to determine whether the error contributed to the conviction or punishment. *Ray,* 877 S.W.2d at 427–428. I respectfully disagree.

Appellant pled guilty on July 15, 1991. The proceedings were recessed until September 10, 1991, when appellant was placed on deferred adjudication probation. The Hon. Tom Price presided over both of these proceedings. Almost two years later, on July 2, 1993, a hearing was held on the State's Motion To Proceed With an Adjudication of Guilt. Within the motion was an allegation that appellant committed a subsequent offense by unlawfully possessing cocaine. At the hearing, presided over by the Hon. Gary R. Stephens, the State proved and Judge Stephens found beyond a reasonable doubt that appellant committed the subsequent offense, granted the State's motion and entered a finding of guilt. Judge Stephens then proceeded with a hearing on the issue of punishment. Based upon appellant's pleas of true, Judge Stephens found both enhancement allegations true.[3] In summation, the State asked that punishment be assessed at confinement for life. At the conclusion of the arguments of counsel, Judge Stephens assessed that punishment.

In light of the foregoing, I would find beyond a reasonable doubt that the failure of Judge Price to give the art. 42.12, § 5(a) admonishment made no contribution, approximately two years later, when Judge Stephens determined appellant's guilt and assessed his punishment. Accordingly, I would sustain the State's third ground for review and reverse the judgment of the Court of Appeals.

I join only the judgment of the Court.

---

1. The second ground for review contends the Court of Appeals erred in holding appellant's plea was involuntary. This contention is based upon a misperception of the Court of Appeals' opinion. The Court did not find the plea was involuntary; the Court merely found the trial judge failed to give the required admonishment. *Ray,* 877 S.W.2d at 428. Perhaps the State misperceives the opinion because the appellant couched his point of error in terms of voluntariness.

2. Additionally, I cannot agree that the instant felony case is controlled by *Price v. State,* 866

S.W.2d 606 (Tex.Cr.App.1993), where we specifically stated that "our conclusions and holdings are applicable only to deferred adjudication proceedings in *misdemeanor* cases." [Emphasis in original.] The Court of Appeals correctly recognized that *Price* was not controlling. *Ray,* 877 S.W.2d at 426, n. 3.

3. The record reflects that on three separate occasions (July 15, 1991, September 10, 1991 and July 2, 1993) appellant pled true to the enhancement allegations.

MEYERS, Judge, concurring.

I agree that our opinion in *Price v. State*, 866 S.W.2d 606 (Tex.Crim.App.1993) influences the disposition of the instant cause. There is simply no significant difference between misdemeanors and felonies which would suggest that the provisions of article 42.12, section 5(a) of the Code of Criminal Procedure, should affect the voluntariness of guilty pleas in felony cases differently than in misdemeanor cases. That does not mean, however, that trial judges may dispense altogether with the requirement of section 5(a) that defendants be informed of the consequences which may follow if they violate the conditions of their community supervision. Consequently, the majority's statement that failure to impart this information to appellant in the instant cause was not an error is a little too broad for my taste. Nevertheless, as I understand our opinion, we simply mean to hold that the judge's failure to provide such information before accepting the defendant's plea does not compromise the validity of the plea proceedings or render the plea itself involuntary. With this understanding, I join the opinion of the Court.

MALONEY, J., joins.

OVERSTREET, Judge, dissenting.

On July 15, 1991 in a trial before the court, appellant entered a plea of guilty to the offense of theft of property with a value of at least $750 but less than $20,000. Appellant also plead true to two enhancement allegations. Appellant plead guilty without a negotiated plea bargain agreement. At that time, the trial court stated, "I'm going to accept the plea[,]" but passed the case until September when a drug treatment facility was expected to be open. On September 10, 1991, the trial court deferred finding appellant guilty and placed him on probation for ten years; thus appellant was placed on deferred adjudication probation.

In February of 1993, the State filed a motion to proceed with adjudication of guilt, and subsequently an amended motion. On July 2, 1993, upon a plea of not true by appellant, the trial court granted the State's motion, entered a finding of guilt, revoked appellant's probation, and sentenced him to life confinement in prison.[1]

On appeal, appellant claimed that the trial court committed error in accepting his guilty plea because such was not entered knowingly and voluntarily since the trial court failed to provide some of the admonishments required by Article 42.12, § 5, V.A.C.C.P., in particular the possible consequences of revocation of the probation, prior to his guilty plea. The court of appeals agreed. It concluded that the trial court reversibly erred in failing to comply with the mandatory provisions of Art. 42.12, § 5. *Ray v. State*, 877 S.W.2d 425 (Tex.App.—Eastland, 1994). The State, via the local district attorney and the State Prosecuting Attorney, filed petitions seeking discretionary review. This Court granted both petitions.[2]

---

1. At the hearing on the motion to adjudicate, the trial court simultaneously conducted a bench trial on a new possession of heroin charge. It found appellant guilty and set punishment at 30 years confinement in prison and a fine of $1,000.

2. The grounds for review are as follows:

The District Attorney's
*Ground For Review No. 1*
The court of appeals erred in holding that no admonishment pursuant to Tex.Code Crim. Proc. Article 42.12, § 5(a) was given to defendant by the trial judge in this case.
*Ground For Review No. 2*
The court of appeals erred in determining that appellant's plea was rendered involuntary based upon the court of appeals' holding that the trial court failed to completely inform him

in accordance with Tex.Code Crim.Proc.Ann. art. 42.12, § 5(a).
*Ground For Review No. 3*
The court of appeals erred in failing to apply a harm analysis to any perceived deficiency in the trial court's information provided to appellant pursuant to Tex.Code Crim.Proc. Art. 42.12, § 5(a).
The State Prosecuting Attorney's
(1) Does the failure by the trial court in a felony case to notify the defendant of the possible consequences of a revocation of probation prior to placing the defendant on deferred adjudication automatically render the defendant's plea involuntary?
(2) Is the trial court's failure to notify the defendant of the possible consequences of a revocation of deferred adjudication probation,

The majority finds that there is no statutory requirement or policy reason to compel a trial court to inform every defendant that pleads guilty of the possible consequences of a violation of deferred adjudication probation, as the information becomes relevant only after the court decides to defer adjudication. Op. at p. 126. First, I respectfully disagree. Second, I note that the majority overreaches to answer a question not raised by the granted grounds for review, nor raised by the parties to the lawsuit.

Article 42.12, § 5(a) states that the court "shall inform the defendant orally or in writing of the possible consequences ... of a violation of [deferred adjudication] probation." Thus the statute mandates that the trial court *"shall"* so inform defendants of such possible consequences. In *Price v. State*, 866 S.W.2d 606, 611 (Tex.Cr.App.1993), a major part of this Court's reasoning in holding that such an admonishment need not be given prior to ordering probation was that in a misdemeanor case the defendant need not even be present at any stage of a misdemeanor plea proceeding. Such reasoning is inappropriate in the instant case because the defendant is required to be present in a felony plea proceeding; i.e. Article 27.13, V.A.C.C.P., provides that a plea of guilty or nolo contendere "in a felony case must be made in open court by the defendant in person[.]" Thus there *must* be a defendant present to make the felony plea and thus to hear and understand the required admonishments which "shall" be given as to the consequences of violation of the probation.

Also in *Price*, 866 S.W.2d at 611, this Court acknowledged that "it may be 'better practice' to admonish as to the consequences of deferred adjudication in a felony case[.]" It also acknowledged that "§ 5(a) requires the court to 'inform the defendant orally or in writing of the possible consequences ... of a violation of probation[.]' " *Id.* at 612. The district attorney's first ground for review presents the simple question of *whether the trial court gave appellant the required admonishment of Art. 42.12, § 5(a).* The court of appeals found that the trial court did not, i.e. "the trial court failed to comply with the

pursuant to Art. 42.12, § 5(a), V.A.C.C.P., sub-

mandatory statutory requirement" and "failed to inform appellant of the consequences of violating probation in accordance with Article 42.12, section 5." *Ray v. State*, 877 S.W.2d at 427. The majority opinion refuses to say that the court of appeals was wrong and does not answer the question raised by that ground for review, but instead searches elsewhere to reverse the court of appeals.

The majority opinion at p. 127, concludes that § 5(a) does not require, either in felonies or misdemeanors, that the defendant entering an open plea of guilty or nolo contendere be informed prior to his plea of the possible consequences under § 5(b) of a probation violation; therefore, the failure to provide the information does not render such a plea involuntary. The statute at the time of appellant's plea read as follows:

Sec. 5. (a) Except as provided by Subsection (d) of this section, when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation. The court *shall* inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of probation. If the information is provided orally, the court must record and maintain the court's statement to the defendant. In a felony case, the period of probation may not exceed 10 years. In a misdemeanor case, the period of probation may not exceed two years. The court may impose a fine applicable to the offense and require any reasonable terms and conditions of probation. However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases.

(b) On violation of a condition of probation imposed under Subsection (a) of this

ject to a harmless error test?

section, the defendant may be arrested and detained as provided in Section 24 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

[Emphasis added.]

The majority strains to justify its conclusion by further concluding that the statute requires that the mandatory admonishments be provided at some time. The court of appeals found that there was a *complete failure* to inform appellant of the consequences of the violation of deferred adjudication probation. *Ray v. State,* 877 S.W.2d at 427. The majority does not dispute, contradict, or explain away this finding by the court of appeals; nor does the majority make reference to anywhere in the record that the trial court admonished appellant as to § 5(a) or (b) *prior to, during,* or *after* the plea of guilty.[3] The issue of whether the trial court ever provided the mandatory admonishments should certainly be addressed before disposing of the grounds for review.

Additionally, I point out that admonishments are given to ensure that the plea is knowingly, intelligently and voluntarily entered. Article 26.13(b), V.A.C.C.P., specifically provides that "[n]o plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that . . . the plea is free and voluntary." Constitutionally required due process also requires a defendant's guilty plea to be equally voluntary and knowing; and a guilty plea cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts. *McCarthy v. U.S.,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418, 425 (1969). If the admonishment is not given to

the mandatorily present felony defendant until *after* he has made his plea, then the plea obviously was not necessarily made "knowingly," i.e. with knowledge of the statutorily required admonishment about the consequences of violating deferred adjudication probation.

Because the majority holds that the statutorily required admonishment need not be given prior to a felony plea, and fails to address the court of appeals' finding that the trial court wholly failed to provide appellant with the above-discussed statutorily required admonishments, I respectfully dissent.

The trial court cannot escape its judicial duty by asking a defendant if he has questions. The trial court is required to admonish a defendant according to law.

---

**3.** The majority in a footnote, op. p. 126, recites a passage from the order placing appellant on probation. Such language is not in compliance with the requirements of Art. 42.12, § 5(a) and (b).