**Stephen Eddison JOYNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1074–94.**

*Court of Criminal Appeals of Texas,*
*En Banc.*

May 8, 1996.

Phillip W. Swisher, Conroe, for appellant.

Dan McCrory, Assist. Dist. Atty., Houston, Robert A. Huttash, State's Atty., Austin, for the State.

────────

*OPINION ON APPELLANT'S PETITION*
*FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant pled guilty to the offense of burglary of a building without an agreed recommendation as to punishment. The trial court deferred an adjudication of guilt and placed Appellant on probation for six years. Subsequently the trial court adjudicated guilt and sentenced Appellant to seven years confinement. Appellant appealed alleging

his original guilty plea was given involuntarily because he was not admonished as to the consequences of violating deferred adjudication probation pursuant to Article 42.12, §§ 5(a) & 5(b), V.A.C.C.P.[1]  The Court of Appeals affirmed. *Joyner v. State,* 882 S.W.2d 59 (Tex.App.—Houston [14th] 1994). We granted Appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding that the failure of the trial judge to admonish Appellant of the consequences of a violation of deferred adjudication probation did not retroactively render Appellant's guilty plea involuntary.

Recently this Court held that "Sec. 5(a) does not require, either in felonies or misdemeanors, that the defendant entering an open plea of guilty or nolo contendere be informed prior to his plea of the possible consequences under Sec. 5(b) of a probation violation." *Ray v. State,* 919 S.W.2d 125 (Tex.Cr.App.1996).  Therefore, based on this Court's recent ruling in *Ray,* we affirm the judgment of the Court of Appeals.

────────

BAIRD, Judge, concurring.

On direct appeal, appellant contended his plea was involuntary because the trial judge failed to give the Tex.Code Crim.Proc.Ann. art. 42.12, § 5(a) admonishment which requires the defendant be informed "orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision."  The Court of Appeals, relying on *Price v. State,* 866 S.W.2d 606 (Tex.Cr.App.1993), rejected appellant's argument.  The Court held the failure of the trial judge to admonish appellant of the consequences of violating his deferred adjudication probation did not retroactively render appellant's plea involuntary. *Joyner v. State,* 882 S.W.2d 59, 61 (Tex.App.—Houston [14th Dist.] 1994).  This Court, utilizing the same rationale, reached the same result in *Ray v. State,* 919 S.W.2d 125 (Tex.Cr.App.1996), and

────────

1.  Article 42.12, Sec. 5(a) provides that a judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision.  The consequences under Subsection (b) include the possibility that the defendant may be

arrested, that he is entitled to a hearing on the determination whether to proceed with adjudication of guilt, that no appeal may be taken from this determination, and that upon adjudication of guilt, proceedings in the original case proceed as if there had been no deferment.

on the strength of *Ray* affirms the judgment of the Court of Appeals.

I write separately to note that the § 5(a) admonishment requirement is insulated from appellate review because under § 5(b) the hearing on a motion to adjudicate guilt is limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge and *no appeal may be taken from this determination.* Consequently, our holding in *Ray* had the effect of judicially repealing the admonishment requirement of art. 42.12, § 5(a). Such a result is contrary to our normal approach to statutory interpretation; we normally interpret the statute in order to give effect to the statutory text. *See, Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Cr.App.1991). Therefore, while the trial judge is compelled to comply with art. 42.12, § 5(a), there is no means to rectify a failure to do so, which as this case indicates is a common occurrence. *See also, Ray, supra; Graham v. State,* 873 S.W.2d 709 (Tex.App.—Eastland 1994, no pet.); *and, Marin v. State,* 901 S.W.2d 542 (Tex.App.—El Paso, 1995).

Under the doctrine of *stare decisis* our holding in *Ray* is binding. In light of *Ray,* the Legislature should either repeal the § 5(a) admonishment requirement or provide a specific remedy for failure to provide the admonishment. With these comments, I join the majority opinion.

MANSFIELD, J., joins this opinion.

OVERSTREET, Judge, dissenting.

We granted appellant's petition for discretionary review on the ground which claims:

> The Court of Appeals erred in holding that the failure of the trial judge to admonish Appellant of the consequences of violation of his deferred adjudication probation did not retroactively render Appellant's guilty plea involuntary.

The court of appeals concluded that the trial judge did not provide the admonishments as is required by Article 42.12, § 5, V.A.C.C.P., but that such did not render his guilty plea involuntary. *Joyner v. State,* 882 S.W.2d 59, 60–61 (Tex.App.—Houston [14th Dist.] 1994).

Recently in *Ray v. State,* 919 S.W.2d 125, 127 (Tex.Cr.App.1996), a majority of this Court held that Art. 42.12, § 5:

> does not require, either in felonies or misdemeanors, that the defendant entering an open plea of guilty or nolo contendere be informed prior to his plea of the possible consequences under Sec. 5(b) of a probation violation [and] [t]herefore the failure to provide the information does not render such a plea involuntary.

I dissented to that holding because I believe that Art. 42.12, § 5's required admonishments must be given prior to the plea. *Ray, supra,* (Overstreet, J., dissenting). I likewise respectfully dissent to the majority's continued refusal to uphold the *requirements* of Art. 42.12, § 5 which have been passed by our Legislature.