Amauri Saenz MARIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 0570–95.

Court of Criminal Appeals of Texas, En Banc.

May 8, 1996.

M. Clara Hernandez, El Paso, for appellant.

Karen Landinger, Assist. Dist. Atty., El Paso, Jeffrey L. Van Horn, Assist. State's Attorney, Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant pled guilty to possession of cocaine without an agreed recommendation as to punishment. The trial court deferred an adjudication of guilt and placed Appellant on probation for eight years. Subsequently the trial court adjudicated guilt and sentenced Appellant to imprisonment for fifteen years and thirty days. Appellant appealed alleging

his original guilty plea was involuntary because he was not admonished as to the consequences of violating deferred adjudication probation pursuant to Article 42.12, §§ 5(a) & 5(b), V.A.C.C.P.[1] The Court of Appeals agreed and reversed the conviction. *Marin v. State*, 901 S.W.2d 542 (Tex.App.—El Paso, 1995). The State Prosecuting Attorney and the District Attorney have filed petitions for discretionary review.

Recently this Court held that "Sec. 5(a) does not require, either in felonies or misdemeanors, that the defendant entering an open plea of guilty or nolo contendere be informed prior to his plea of the possible consequences under Sec. 5(b) of a probation violation." *Ray v. State*, 919 S.W.2d 125 (Tex.Cr.App.1996). Therefore, based on this Court's recent ruling in *Ray*, we summarily grant the State's petitions for discretionary review, reverse the judgment of the Court of Appeals, and affirm the judgment of the trial court.

BAIRD and MANSFIELD, JJ., join with note. For the reasons stated in *Joyner v. State*, 921 S.W.2d 234 (Tex.Cr.App.1996 (Baird and Mansfield, JJ., concurring), we join the majority opinion.

OVERSTREET, Judge, dissenting.

The local district attorney and the State Prosecuting Attorney have filed separate petitions for discretionary review seeking review of the court of appeals' decision to reverse because of the trial court's failure to give appellant the statutorily required admonishments of Article 42.12, § 5, V.A.C.C.P.

The State Prosecuting Attorney's grounds ask: 1) was it error to hold that no admonishment of the consequences of deferred adjudication probation was given to appellant by the trial court; 2) was appellant's plea rendered involuntary due to the trial court's failure to give him the Art. 42.12, § 5(a) admonishment; and 3) if failure to so admonish appellant as required by Art. 42.12, § 5(a) is error, is said error subject to a harm analysis? The district attorney's petition raises a single ground which avers that "the court of appeals erred in holding that the trial court's failure to admonish appellant that he could not appeal from an adjudication of guilt was reversible error."

The court of appeals, after noting that appellant's sole point of error claimed that his original guilty plea was involuntary because the trial court did not inform him that he would not be able to appeal a later decision to revoke his probation and adjudicate him guilty, concluded that Art. 42.12, § 5 required the trial court to admonish appellant in compliance with the statute and that the failure to do so warranted reversal. *Marin v. State*, 901 S.W.2d 542 (Tex.App.—El Paso 1995).

Recently in *Ray v. State*, 919 S.W.2d 125, 127 (Tex.Cr.App.1996), a majority of this Court held that Art. 42.12, § 5:

> does not require, either in felonies or misdemeanors, that the defendant entering an open plea of guilty or nolo contendere be informed prior to his plea of the possible consequences under Sec. 5(b) of a probation violation [and] [t]herefore the failure to provide the information does not render such a plea involuntary.

I dissented to that holding because I believe that Art. 42.12, § 5's required admonishments must be given prior to the plea. *Ray, supra* (Overstreet, J., dissenting). I likewise respectfully dissent to the majority's continued refusal to uphold the *requirements* of Art. 42.12, § 5 which have been passed by our Legislature.

I also note that in summarily granting the State's petitions, the majority fails to reach the State Prosecuting Attorney's grounds which ask whether it was error to hold that no admonishment was given and if such failure to admonish was error, was it subject to a harm analysis. Regardless of the majori-

1. Article 42.12, Sec. 5(a) provides that a judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision. The consequences under Subsection (b) include the possibility that the defendant may be arrested, that he is entitled to a hearing on the determination whether to proceed with adjudication of guilt, that no appeal may be taken from this determination, and that upon adjudication of guilt, proceedings in the original case proceed as if there had been no deferment.

ty's views on whether the failure to give the statutorily *required* admonishments renders the plea involuntary, the failure to give the admonishments is error in contravention of Art. 42.12, § 5 and at some point this court must determine the consequences of failing to abide by such requirement. I therefore also respectfully dissent to the majority's failure to address those important issues.