**Vincent Allen PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–95–00334–CR.**

Court of Appeals of Texas, El Paso.

Sept. 12, 1996.

---

David C. Hilton, El Paso, for appellant.

Jaime E. Esparza, District Attorney, El Paso, for appellee.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

LARSEN, Justice.

This is an appeal from a conviction for the offense of attempted murder. The trial court found the appellant, Vincent Perez, guilty and sentenced him to thirteen years' confinement in the Texas Department of Criminal Justice—Institutional Division. We affirm the conviction.

## FACTS

The appellant, Vincent Perez, pleaded guilty pursuant to a plea bargain agreement on December 21, 1994. The trial court, following the state's punishment recommendations, deferred adjudication and placed Perez on ten years' probation. On May 30, 1995, the state filed a motion to revoke Perez's probation and proceed to adjudication. After a hearing, the trial court found that Perez had violated the terms of his probation and adjudicated him guilty of the original offense. The trial court assessed punishment at thirteen years' confinement in the Texas Department of Criminal Justice—Institutional Division. Perez appeals his conviction in one point of error alleging that his original guilty plea was rendered involuntary by the trial court's failure to admonish him on the consequences of a violation of the terms of his probation as required by article 42.12, section

5 of the Code of Criminal Procedure. We will affirm the conviction.

## DISCUSSION

 This court has concluded that the issue of the voluntariness of a plea is jurisdictional and a defendant therefore may raise it, whether that plea is open or negotiated, at any time. *Rodriguez v. State,* 850 S.W.2d 603, 606 (Tex.App.—El Paso 1993, no pet.). In his sole point of error, Perez alleges that his guilty plea was involuntary because the trial court failed to admonish him, prior to taking his plea, that no appeal may be taken from the trial court's later decision to proceed to adjudication. Texas Code of Criminal Procedure, article 42.12, section 5 provides:

(a) [T]he judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it *substantiates the defendant's guilt,* defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision. The judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision. . . .

(b) On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5 (Vernon 1994)[1] [emphasis added].

Recently, in *Ray v. State,* 919 S.W.2d 125 (Tex.Crim.App.1996), the Court of Criminal Appeals held that the trial court's failure to

---

1. Although the Legislature amended the statute effective September 1, 1995 and January 1, 1996, Perez made his plea December 21, 1994, prior to the effective date of the amendments.

give a defendant the admonishments found in article 42.12, section 5(b) prior to accepting his plea does not render the plea involuntary. *Id.* at 126. Perez attempts to distinguish *Ray* on the ground that the plea in *Ray* was open rather than the result of a plea bargain agreement as is the case here. Perez alleges that the following language in the *Ray* opinion necessarily limits *Ray's* application to open pleas:

> [I]n the absence of a plea bargain, a court may grant or refuse deferred adjudication regardless of the defendant's wishes. In the present case, appellant plead guilty with absolutely no assurance that the court would defer adjudication. When appellant plead guilty he subjected himself immediately to the entire range of punishment. The possible consequences he faced upon adjudication were exactly the same as the possible consequences he faced at the time of his plea. Therefore there was no lack of knowledge that could negate the voluntariness of the plea. *Ray*, 919 S.W.2d at 127.

The court does not purport to apply *Ray* to plea bargain situations. The quoted language is not, however, the totality of the Court of Criminal Appeals's reasoning supporting its holding in *Ray*. We find that additional principles of statutory interpretation enunciated in *Ray* have nothing to do with whether or not a plea is open or the result of a plea bargain. The holding in *Ray*, based upon these principles, would apply equally to a plea bargain situation. The court noted that pursuant to the chronological order of proceedings in article 42.12, section 5(a):

> The court is to: first, receive the plea; second, hear the evidence; third, find whether the evidence substantiates guilt; fourth, defer further proceedings without adjudicating guilt; and fifth, place defendant on probation. It is only after these steps that the statute tells the court to inform the defendant of the Sec. 5(b) consequences of a violation of probation. The order of the proceedings in the statute thus supports the view that a defendant need not be informed of the Sec. 5(b) consequences until after he is placed on probation.

Also, Art. 26.13 dictates the steps to be taken before a court accepts a plea of guilty or nolo contendere. If the Legislature had intended that the Sec. 5(b) information be given prior to the plea, the logical place for the Legislature to include the instruction to give the cautionary statement would have been with the pre-plea admonishments in Art. 26.13. *Ray*, 919 S.W.2d at 126.

We do not find that the Court of Criminal Appeals's interpretation of the statutory language would change where the plea in question results from a plea bargain. Accordingly, we overrule Perez's sole point of error.

## *CONCLUSION*

Having considered and overruled Perez's sole point of error, we affirm the judgment of the trial court.