cr5-045 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00045-CR







Charlie Fred Pospisil, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. 4371, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING








 Appellant, Charlie Fred Pospisil, appeals from a conviction for aggravated sexual
assault of a child. (1) We will affirm the judgment of the trial court.



BACKGROUND


 Pospisil was charged with aggravated sexual assault of a child. Pursuant to a plea
bargain agreement, Pospisil pleaded guilty and judicially confessed to committing the offense. 
The trial court found the evidence substantiated Pospisil's guilt. In accordance with the
agreement, the court deferred further proceedings without adjudicating guilt and placed Pospisil
on community supervision. (2) The court did not warn Pospisil that he could not appeal any future
adjudication of guilt in the matter, as required by former article 42.12, section 5(a) and (b). The
court subsequently revoked supervision on the State's motion, adjudicated Pospisil guilty, and
assessed punishment at imprisonment for life. Pospisil appeals by two points of error.



DISCUSSION


 In his first point of error, Pospisil complains his guilty plea was involuntary
because the trial court did not admonish him, as required by former article 42.12, section 5(a) and
(b), that he could not appeal any later decision to adjudicate guilt. When a trial court deferred
adjudication and placed a defendant on community supervision pursuant to former article 42.12,
section 5, the court was required to warn the defendant that he had no right to appeal any
subsequent decision to adjudicate guilt. Former art. 42.12, § 5(a), (b); Ward v. State, 906
S.W.2d 182 (Tex. App.--Austin 1995, pet. ref'd). Pospisil urges us in his brief to follow the other
courts of appeals that have held the failure to issue this admonishment renders a prior guilty plea
involuntary. Specifically, Pospisil cites Graham v. State, 873 S.W.2d 709 (Tex. App.--Eastland
1994, no pet.), Marin v. State, 901 S.W.2d 542 (Tex. App.--El Paso 1995), rev'd, 925 S.W.2d
720 (Tex. Crim. App. 1996), and Ray v. State, 877 S.W.2d 425 (Tex. App.--Eastland 1994),
rev'd, 919 S.W.2d 125 (Tex. Crim. App. 1996). Pospisil acknowledged at oral argument that the
Texas Court of Criminal Appeals reversed both court of appeals' decisions in Marin and Ray
during the pendency of this lawsuit. Pospisil now asserts that Marin and Ray are distinguishable
from the case at bar because they involve open, rather than negotiated, guilty pleas. Pospisil
contends Graham, a case involving a negotiated guilty plea and not appealed to the Court of
Criminal Appeals, controls. We decline to follow Graham for the reasons set forth in this Court's
opinion, issued this date, in Moss v. State. See Moss v. State, No. 03-95-00636-CR, slip op. at
6-8 (Tex. App.--Austin December 5, 1996). We hold the failure to issue the admonishment
required in former article 42.12, section 5(a) and (b) does not render a negotiated felony guilty
plea involuntary. We overrule Pospisil's first point of error.

 In his second point of error, Pospisil contends former article 42.12, section 5(b)
was unconstitutional because it prohibited the appeal of a decision to adjudicate guilt after deferred
adjudication and unsuccessful community supervision. Pospisil cites Judge Overstreet's
concurring opinion in Olowosuko v. State. See 826 S.W.2d 940, 942-43 (Tex. Crim. App. 1992). 
We construe Pospisil's argument as suggesting that former article 42.12, section 5(b) violated the
due process and equal protection provisions of either the state or federal constitution, because
those are the constitutional issues Judge Overstreet mentions in Olowosuko.

 We decline to address Pospisil's point of error because he failed to adequately brief
the constitutional issues in accordance with Texas Rule of Appellate Procedure 74(f). Pospisil
does not specify which constitution he believes has been violated. He does not draw any of the
distinctions necessary to establish a claim under any due process or equal protection theory. The
only authority he cites is the concurring opinion in Olowosuko, which merely includes an advisory
comment on an issue not before the Court. Even the concurring opinion in Olowosuko does not
contain any authority relevant to the issue. (3) Because due process and equal protection claims raise
complicated, multifaceted issues, and because Pospisil does not articulate a substantive argument
on those claims, Pospisil's brief is inadequate and presents nothing for review. See Martinez v.
State, 924 S.W.2d 693, 698 (Tex. Crim. App. 1996). We, therefore, overrule Pospisil's second
point of error.



CONCLUSION


 Because we overrule both of Pospisil's points of error, we affirm the judgment of
the trial court.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Powers and Jones

Affirmed

Filed: December 5, 1996

Do Not Publish

1.   See Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2274
and Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex.
Penal Code Ann. § 22.021, since amended).
2.   See Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471,
3500-01 (Tex. Code Crim. Proc. Ann. art. 42.12, § 5, since amended). For convenience, we
will refer to the version of Texas Code of Criminal Procedure article 42.12, section 5 in effect
at the time of the deferred adjudication hearing as "former article 42.12, section 5."
3.   At least one court has decided since Olowosuko that former article 42.12, section 5(b)
satisfies the requirements of both the state and federal constitutions. See Burger v. State, 920
S.W.2d 433, 437 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd).


. 1996), and Ray v. State, 877 S.W.2d 425 (Tex. App.--Eastland 1994),
rev'd, 919 S.W.2d 125 (Tex. Crim. App. 1996). Pospisil acknowledged at oral argument that the
Texas Court of Criminal Appeals reversed both court of appeals' decisions in Marin and Ray
during the pendency of this lawsuit. Pospisil now asserts that Marin and Ray are distinguishable
from the case at bar because they involve open, rather than negotiated, guilty pleas. Pospisil
contends Graham, a case involving a negotiated guilty plea and not appealed to the Court of
Criminal Appeals, controls. We decline to follow Graham for the reasons set forth in this Court's
opinion, issued this date, in Moss v. State. See Moss v. State, No. 03-9