No. 04-99-00527-CR


Juan Isidro SANTELLAN,


Appellant


v.


The STATE of Texas,


Appellee


From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 98CR2676


Honorable Mark R. Luitjen, Judge Presiding


Opinion by: Phil Hardberger, Chief Justice

Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice

 

Delivered and Filed: February 9, 2000

AFFIRMED

 Juan Isidro Santellan appeals the trial court's judgment revoking his probation. Santellan
raises four issues in his brief, contending: (1) he did not violate the conditions of his probation
because the condition he was charged with violating had been discharged or was based on an
improper delegation of authority to his probation officer; and (2) the trial court did not admonish him
regarding the consequences of his plea of true or his attorney's right to a ten day preparation period.
We overrule each of Santellan's contentions and affirm the trial court's judgment.

Factual Background


 Santellan pled guilty to the offense of unauthorized use of a motor vehicle. The trial court
rejected Santellan's request for deferred adjudication, but Santellan was placed on regular
community supervision for a period of five years. One of the conditions of Santellan's probation was
that he participate in the Bexar County Community Restitution Center ("Restitution Center"). The
condition reads as follows:

 RESTITUTION CENTER You will participate in the Bexar County Community
Restitution Center for a period of 6 months as directed by the Court. You will
comply with the rules, regulations and instructions as directed by the Court and/or
Community Restitution Center personnel, and be financially responsible for any
required medical attention and/or prescriptions. You will pay a daily fee of $12.00
for the exact number of days you are at the facility. Payments will be made while at
the facility and continue after your release until paid in full. Or until restitution is
paid in full.

The phrase "or until restitution is paid in full" was handwritten at the end of the printed form
language. The language appears to have been added based on a docket sheet entry that reads: "6
months restitution $450 or until restitution paid in full."

 The State filed a motion to revoke Santellan's probation, alleging that he failed to follow the
rules and regulations of the Restitution Center because he failed to return to the center from work
by his scheduled return time on two dates. The motion to revoke was filed on June 9, 1999. On June
12, 1999, Santellan filed a request for appointed counsel. Santellan was represented by appointed
counsel at the revocation hearing held June 28, 1999. Santellan pled true to the State's allegation,
and the trial court revoked his probation.

Violation of Probation Condition


 In his first two issues, Santellan contends that he did not violate the condition of his
probation requiring participation in the Restitution Center because he had discharged his restitution
debt and should have been discharged from the Restitution Center. In addition, Santellan asserts that
his due process rights were violated by an improper delegation of the trial court's authority to
determine the conditions of his probation. Santellan argues that the trial court improperly delegated
its authority by permitting his probation officer to determine: (1) when he had completed his
restitution payments; and (2) the specific time he was required to return to the Restitution Center.

 With regard to Santellan's contention that he had satisfied the condition requiring him to
participate in the Restitution Center because he had discharged his restitution debt, our record does
not support this contention. First, we read the probation condition to require Santellan's
participation in the Restitution Center for a minimum of six months. The phrase "or until restitution
is paid in full" is intended to lengthen the time Santellan is required to participate in the Restitution
Center in the event he failed to complete the restitution payment within the six month period. Even
accepting Santellan's reading of the condition, i.e., that he would be released from the Restitution
Center as soon as he paid the restitution in full, there is no evidence in our record that he had
completed the payments. The hypothetical calculations set forth in Santellan's brief are not evidence
that can be considered by this court in reviewing the trial court's revocation order. 

 With regard to the Restitution Center's authority to set rules and regulations to implement
the condition requiring Santellan's participation at the center, a trial court does not improperly
delegate authority by ordering a probationer to obey the rules and regulations of the
community-based facility in which he is placed. See Salmons v. State, 571 S.W.2d 29, 30 (Tex.
Crim. App. 1978); see also DeGay v. State, 741 S.W.2d 445, 450 (Tex. Crim. App. 1987); McArthur
v. State, 1 S.W.3d 323 (Tex. App.--Fort Worth 1999, no pet. h.). Santellan's first two issues are
overruled.

Admonishments


 In his third issue, Santellan complains that the trial court failed to admonish him regarding
the consequences of his plea of true. In support of his third issue, Santellan cites Ray v. State, 919
S.W.2d 125, 126 (Tex. Crim. App. 1996), and asserts that the Texas Court of Criminal Appeals held
that the admonishments in article 42.12, section 5(b) must be provided at some time. Santellan
recognizes in his brief that he was not placed on deferred adjudication probation, to which the article
42.12, section 5(b) admonishments relate, but contends that he still should have been informed of
the consequences of his plea of true.

 Article 42.12, section 5(a) statutorily requires a judge, who places a defendant on deferred
adjudication probation, to inform the defendant of the possible consequences under section 42.12,
section 5(b) of a violation of probation. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon
Supp. 2000); Ray, 919 S.W.2d at 127. No similar statutory provision exists for a defendant placed
on probation when his adjudication of guilt is not deferred. We have previously recognized that the
admonishments contained in article 26.13 are not required to be given before the trial court accepts
a defendant's plea of true at a revocation hearing. Lanum v. State, 952 S.W.2d 36, 39 (Tex.
App.--San Antonio 1997, no pet.). Santellan's third issue is overruled.

 In his fourth issue, Santellan complains that the trial court failed to admonish him regarding
his attorney's right to ten days preparation. Although article 1.051(e) of the Texas Code of Criminal
Procedure provides appointed counsel a ten day preparation period before a hearing, there is nothing
in that article that requires the trial court to admonish either the defendant or his attorney of that
right. See Tex. Code Crim. Proc. Ann. art. 1.051(e) (Vernon Supp. 2000). Our record reflects that
the hearing was held sixteen days after Santellan requested appointed counsel. Our record does not
contain any evidence that the revocation hearing was held without affording Santellan's appointed
counsel the required ten days preparation. See Salazar v. State, 5 S.W.3d 814 (Tex. App.--San
Antonio 1999, no pet.) (holding record must demonstrate violation of article 1.051(e)). Santellan's
fourth issue is overruled.

Conclusion


 The trial court's judgment is affirmed.

 PHIL HARDBERGER, 

 CHIEF JUSTICE


DO NOT PUBLISH