NO. 07-01-0239-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 12, 2001



______________________________




ALEXANDER ASHLEY KNOTT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 12791-B; HONORABLE JOHN FORBIS, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 This appeal arises from a judgment adjudicating appellant, Alexander Ashley Knott, 
guilty of aggravated assault and imposing a sentence of 12 years confinement after his
plea of guilty and deferral of adjudication. We dismiss for want of jurisdiction.

 Appellant was charged as a juvenile with aggravated assault for firing a shotgun at
members of a rival street gang. The juvenile court waived jurisdiction and appellant was
indicted in the 251st District Court on November 10, 1999. Appellant plead guilty pursuant
to a plea agreement in which the prosecution agreed to recommend deferred adjudication
probation for eight years, a $1,000 fine and restitution in an unspecified amount. The court
below accepted this recommendation and deferred adjudication of guilt for eight years
conditioned on appellant's satisfaction of terms and conditions imposed by the court.

 On April 7, 2000, the State filed its first motion to adjudicate appellant's guilt. At the
September 1, 2000 hearing on this motion, appellant plead true in exchange for the State's
agreement that he be continued on deferred adjudication with the imposition of additional
conditions. The court agreed and continued deferral of adjudication. The State filed a
second motion for adjudication of guilt on December 1, 2000. This motion was heard May
4, 2001. At that hearing, appellant plead true without any recommendation by the
prosecution. The trial court orally stated that he found the evidence sufficient to adjudicate
appellant guilty and that he was "now adjudicated [guilty] of aggravated assault." He then
proceeded to hear evidence on the issue of punishment. 

 Appellant testified and presented the testimony of Robert Dunstan, director of a
religious-based program called Life Challenge. Dunstan testified that he interviewed
appellant for participation in the program but did not admit him simply because the hearing
was imminent and could have resulted in appellant's imprisonment. At the conclusion of
his testimony the court made the following statement: "I am willing to continue this hearing
without any adjudication, without any amendments of any existing orders, without anything. 
I'm just going to continue this hearing conditioned on this young man going to Life
Challenge, not today, but right now." 

 The trial court reopened the hearing on June 1, 2001. Appellant was given an
opportunity to testify but he declined and no other evidence was presented. The court
orally pronounced sentence of 12 years confinement in the Institutional Division of the
Department of Criminal Justice without objection. Appellant now seeks to challenge that
sentence in a single point contending that the trial court erred in imposing the sentence
without first adjudicating his guilt. Appellant argues that article 41.12, section 5(b)
mandates that a proceeding in which punishment is assessed can only occur after an
adjudication of guilt. 

 A defendant ordinarily may not appeal the trial court's determination to proceed to
adjudicate guilt after a deferment. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon
Supp. 2001) (no appeal may be taken from [the] determination to proceed with a
determination of guilt); Brown v. State, 896 S.W.2d 327, 328 (Tex.App.--Houston [1st Dist.]
1995, pet denied). Furthermore, in cases in which the adjudication arises from a
defendant's plea of guilty or nolo contendere, and the punishment does not exceed the
recommendation by the prosecutor, the notice must also state that: 1) it is for a
jurisdictional defect, 2) it is for matters raised by written motion before trial; or 3) the trial
court granted permission to appeal. Tex. R. App. P. 25.2(b). Finally, except for
fundamental errors, (1) a party must preserve a complaint for appellate review by making a
timely request or objection to the trial court, or the complaint is waived. Tex. R. App. P.
33.1(a). 

 Because appellant entered a plea of guilty pursuant to an agreement and the court's
sentence did not exceed that recommended by the prosecution, appellant's right to appeal
was subject to Rule of Appellate Procedure 25.2(b). Appellant's notice of appeal was a
general notice which did not satisfy those requirements, thus depriving us of jurisdiction. 
Even if we had jurisdiction over this appeal, appellant's failure to make any objection to the
trial court waived any error. Finally, even if the court's oral pronouncement of sentence
was ineffective for failure to orally adjudicate his guilt, the court's written judgment
unequivocally adjudicated appellant's guilt, then imposed the sentence, obviating any
error.

 We dismiss this appeal for want of jurisdiction.

 Per Curiam

Do not publish.

1. Appellant has made no showing that the trial court's action rises to the level of
fundamental error.